No. 26,929.

Martin Van Buren, *Appellee*, v. Tom Pratt, *Appellant*, et al.

SYLLABUS BY THE COURT.

1. Process—*Residence of Parties—Joint Wrongdoers—Issuance of Process Into Another County.* Where two parties are sued jointly for trespass, thereby causing loss to plaintiff, one of whom was a resident of the county where the action was brought, and the other a resident of a neighboring county, the plaintiff had the right to procure service of summons on the nonresident defendant and sue him jointly with the resident defendant, if the joinder was made in good faith and in the honest belief that he had a cause of action against both defendants, and the fact that he failed to establish a right of recovery against the resident defendant will not operate to defeat the judgment rendered against the nonresident defendant.

2. Same—*Issuance of Process Into Another County—Good Faith—Burden of Proof.* The burden of proving that the plaintiff acted in bad faith in joining the resident defendant in the action is upon the nonresident defendant who asserts that it was a ruse to obtain jurisdiction over him.

Appeal from Logan district court; Jacob C. Ruppenthal, judge. Opinion filed June 11, 1927. Affirmed.

*Guy L. Hursh,* of Topeka, for the appellant.
*W. H. Wagner,* of Wakeeney, and *J. H. Jenson,* of Oakley, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.:   This action was brought by Martin Van Buren against Tom Pratt and Walter Gann to recover damages alleged to have been sustained through cattle which were in the control of defendants trespassing upon plaintiff's premises and destroying his crops in violation of the provisions of the herd law. In the trial the jury returned a verdict awarding damages in the amount of $432.37 against Pratt, but did not award any damages as against Gann. Pratt appeals.

After the petition was filed a summons was served upon Walter Gann in Logan county, where the action was brought and where he resided, and at the same time a summons was issued to an officer of Sheridan county and served upon Pratt in that county, where he resided.   Pratt moved to quash the service and dismiss the action as to him upon the ground that Gann was improperly joined with him, in that it was done solely for the purpose of obtaining jurisdic-

Process, 32 Cyc. p. 455 n. 14.   Venue, 40 Cyc. pp. 99 n. 87, 116 n. 1.

tion of Pratt, and that the joinder of Gann was not done in good faith. Afterwards Pratt filed a demurrer to the plaintiff's petition upon the ground that it did not state a cause of action, and added the ground that he had been improperly joined with a resident of Logan county and therefore the court had no jurisdiction over him. The challenge to the jurisdiction and the demurrer to the petition were submitted upon the same day, with the result that the motion challenging the jurisdiction was overruled and Pratt's demurrer was sustained. Leave was given to plaintiff to amend his petition, which was done at once, and Pratt then filed an answer denying generally the allegations of the petition and alleging again that Gann was not the owner of the cattle which destroyed the property, and that he was made a party for the purpose of gaining jurisdiction of Pratt. Gann filed an answer with a general denial. Afterwards a continuance was granted on the application of Pratt and Gann, and later the plaintiff filed a supplementary petition making George Pratt, a son of the defendant Pratt, a party, and asking judgment against him. A demurrer to this pleading was sustained. The case then proceeded to trial against Tom Pratt and Gann, which resulted in a judgment against Pratt, but no damages were awarded as against Gann. Pratt insists that as the jury found in favor of Gann, the court was without jurisdiction as to himself, a nonresident of the county, and that the judgment should be set aside.

The defendant Pratt contends that his motion to quash the service of summons made upon him should have been sustained. Aside from the fact that he filed a general demurrer and thus made a general appearance before his motion was acted upon, there was nothing in the petition to indicate a lack of good faith in bringing the action against Gann, the resident defendant, nor does the record show there was any evidence produced on the motion to show that Gann was made a party merely for the purpose of obtaining jurisdiction of Pratt, who resided in another county. The burden was on Pratt to show bad faith on the part of the plaintiff, if there was any, in bringing the action in Logan county. In the absence of admission or proof the court had no basis for holding there was bad faith in the bringing of the action against Gann, and the motion to quash the service was rightly overruled.

It is further argued that when a nonresident defendant is joined with a resident, and a judgment is finally entered only against the

nonresident, that conclusively establishes that the court was without jurisdiction over the nonresident and that the judgment rendered against him is without validity. Both defendants were charged as joint wrongdoers. Pratt was the owner of the cattle which destroyed the plaintiff's crops, and Gann had the possession and control of the cattle at the time they trespassed upon plaintiff's premises and caused the damage for which the action was brought. Gann had furnished the pasture and had been placed in charge of the cattle in Logan county, where the suit was brought, and each had a measure of control of them. It was therefore not unreasonable that the plaintiff should bring an action against both defendants. Of course, if Gann was not regarded by plaintiff as a real party but was joined for the mere purpose of obtaining jurisdiction over Pratt, it would amount to a misuse of judicial process and defeat the action, but this rule cannot be applied to a plaintiff who sued in good faith and in an honest belief that he had a cause of action against the resident as well as the nonresident, and the mere fact that he fails to recover against the former will not of itself defeat a judgment against the latter. (*Hawkins v. Brown,* 78 Kan. 284, 97 Pac. 479.) The controlling element in such a case is the good faith of the plaintiff in the joinder, and that fact has been found in favor of the plaintiff by the trial court in the judgment rendered and in the overruling of the motion for a new trial. In the recent case of *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.,* 120 Kan. 21, 245 Pac. 734, it was said:

"All of the wrongdoers being jointly and severally liable, the bringing of an action against all in a certain county where one of them was served with process, entitled the plaintiff to procure the service of summons on the other defendants residing in another county, where the action was brought in good faith against all and the plaintiff was acting in the honest belief that he had a cause of action against all of the defendants, and the subsequent failure to recover against the resident defendant, does not defeat jurisdiction over nonresident defendants or a recovery against them." (Syl. ¶ 2.)

Finding no error in the record, the judgment is affirmed.