No. 39,093

MARY SPADE, *Appellant,* v. H. D. VANSICKLE, TEMPLE ATKINS and FRANK X. BECKER, *Appellees.*

(265 P. 2d 860)

Opinion filed January 23, 1954.

*Edward Rooney,* of Topeka, argued the cause, and *George L. Allred,* of Emporia, and *Jacob A. Dickinson, David Prager* and *William W. Dimmitt, Jr.,* all of Topeka, were with him on the briefs for appellant.

*Carl A. Ballweg,* of Cottonwood Falls, argued the cause, and *L. W. Raynolds,* of Emporia, was with him on the brief for H. D. VanSickle and Temple Atkins, appellees; and,

*John F. Eberhardt,* of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge* and *Robert M. Siefkin,* all of Wichita, were with him on the brief for Frank X. Becker, appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for wrongful death. On May 23, 1949, plaintiff filed a petition in the district court of Lyon county the pertinent portions of which to be applied here are summarized as follows: That the defendants H. D. VanSickle and Temple Atkins are residents of Chase county and their respective post office addresses in that county are stated; that the defendant Frank X. Becker is a resident of Lyon county and his post office address is stated; that plaintiff is the mother and next of kin of Floyd Dale Wagner, deceased, who departed this life on November 26, 1947, at which time he was twenty years of age and unmarried; that no administration has been had upon his estate; that at the time of his death Wagner was employed by the defendant Becker as the driver of an oil transport motor vehicle known as a 1945 Ford truck tractor

and semitrailer, the license numbers of which are stated; that he was the servant and employee of Becker and was acting within the scope of his employment as a chauffeur and driver of a described oil transport truck; that at the time in question defendant Van-Sickle was the owner and driver of a 1940 IHC truck tractor and a 1947 Laroose semitrailer of the type commonly known as a lowboy; that VanSickle was hauling the equipment later described on a special permit procured by him from the State Highway Department at the request and under the instruction and supervision of the defendant Atkins; that the defendant Atkins had employed the defendant VanSickle and his truck tractor and trailer to assist Atkins in the transportation of his bulldozer tractor, weighing about 42,492 pounds and measuring eleven feet and three inches in width, from Topeka to some point in Chase county; that Atkins and VanSickle loaded the bulldozer tractor on the VanSickle semitrailer and that Atkins directed VanSickle, and supervised and directed the transportation of the same, to a point on Highway 50 South known as the Peyton Creek Bridge in Chase county where the same collided with the transport truck belonging to the defendant Becker which was being driven by Wagner, the deceased. The collision was described in more detail than is necessary to recite here, and the negligence of VanSickle and Atkins in several respects was alleged in more detail than is necessary to set up here. It is further alleged that the defendant Becker was guilty of negligence in that he caused to be placed immediately behind the cab in which the deceased was riding and in front of a large gasoline tank being hauled, a large auxiliary gasoline tank filled with gasoline and so placed that the gasoline would, and did, spill over, around, about and through the cab in which the deceased was riding which tank so placed and filled with gasoline was a maximum fire hazard in the event of a collision or upset; that when the collision occurred the tank leaked gasoline over the entire cab which gasoline became ignited and contributed to the impact of the collision being one of the concurring proximate causes of the death of the deceased. It was further alleged that Wagner was a promising, industrious young man who made his home with his mother and contributed to her support and happiness; that because of his death plaintiff suffered detailed damages in the aggregate of $15,000 for which sum judgment was prayed.

Upon the filing of this petition a summons was directed to the

sheriff of Lyon county and duly served upon the defendant Becker. Also summonses were duly issued directed to the sheriff of Chase county and served upon the respective defendants VanSickle and Atkins. After the service of summons the defendants VanSickle and Atkins filed the following motion:

"Comes now the defendants, H. D. VanSickle and Temple Atkins, appearing specially by their attorneys, Carl A. Ballweg and Charles C. Clark of Cottonwood Falls, Kansas, for the purpose of this motion only and for no other purpose, and state and represent that this Court is without jurisdiction over these defendants, and move to quash the pretended service upon said defendants for the reason that these defendants are residents of Chase County, Kansas, and that this action is not properly brought and there is no proper joinder of actions against the defendants herein to give the District Court of Lyon County, Kansas, jurisdiction and that this Court is without jurisdiction of either the person of the defendants, H. D. VanSickle and Temple Atkins, or the subject matter of this action."

This motion of defendants VanSickle and Atkins was heard by the court on July 15, 1951, and sustained.

The defendant Becker, after service upon him, filed the following demurrer:

"Comes now the defendant Frank X. Becker, and demurs to the petition of the plaintiff herein for the reason that it fails to state a cause of action in favor of the plaintiff and against this defendant, and for the further reason that the petition affirmatively shows that the plaintiff cannot recover against this defendant for the reason that the deceased was the driver of the oil transport truck owned by Frank X. Becker, and that he was at all times acting as the agent, servant and employee of the said Frank X. Becker; that the accident arose out of and in the course of the performance of his business. The defendant further states that Frank X. Becker was operating under the Workmen's Compensation law of the state of Kansas. That an award of compensation has been heretofore made on the 9th day of October, 1948, a copy of which is hereto attached. That by virtue of his employment and by virtue of the Workmen's Compensation Act of the state of Kansas, the plaintiff herein is precluded from recovery under this common law action against the defendant Frank X. Becker. . . ."

On July 17, 1951, this demurrer was heard by the court and after argument of counsel was sustained.

Later plaintiff filed a motion to set aside and vacate this order of July 17, sustaining the demurrer of defendant Becker, and sustaining the motion to quash of the defendants VanSickle and Atkins. This motion was heard by the court on August 8, 1951, and sustained; defendants were directed to answer, and plaintiff was given ten days to reply. Thereafter the defendant Becker filed an answer

which admitted the allegation of the residence of the parties as alleged in the petition; admitted the deceased Wagner was his servant and employee and was acting within the scope of his employment as the driver of the oil transport truck, and admitted a collision occurred between the transport truck driven by the decedent and the truck owned and driven by the other defendants, and admitted the decedent lost his life as a result of the collision but specifically denied all acts of negligence alleged against the answering defendant and affirmatively alleged that the decedent and his heirs are barred from recovery by reason of the negligence of this defendant. The answering defendant further alleged that at all times pertinent he was acting under the workmen's compensation laws of the state; that the decedent was his employee and was at all times acting as his agent, servant and employee; that the accident alleged in the petition through which decedent lost his life arose out of and in the course of his employment, and that thereafter an award of compensation was made by the Commissioner of the Workmen's Compensation Commission of the state dated October 9, 1948, a copy of which award was attached to the answer, marked Exhibit A, and made a part thereof. It was further alleged that by virtue of the employment of the decedent and by virtue of the workmen's compensation act of the state the plaintiff herein, as an heir of the decedent, is precluded from recovery under this common law action against this defendant. It was further alleged that by virtue of these allegations the answering defendant demurs to plaintiff's petition and moves for judgment upon his affirmative defense.

The defendants VanSickle and Atkins filed an answer wherein they admit the allegations in the petition concerning the residence of the parties to the accident; admit that a collision occurred on November 26, 1947, between the transport truck operated and driven by the deceased Wagner and a truck operated by the answering defendants, and further admit that Wagner lost his life as a result of the collision but the defendants, and each of them, deny any and all acts of negligence alleged against them, or either of them, in plaintiff's petition. Further answering the defendants allege that this court has no jurisdiction of the person of the defendants, or either of them, for the reason that these answering defendants, and each of them, are residents of Chase county, Kansas; that service of summons was made upon them in Chase county, and that no valid service of process had been had upon either of them. The prayer

was that the action be dismissed against them and that judgment be entered in favor of them and against the plaintiff and the defendants recover their costs.

The record does not disclose that plaintiff filed a reply to either of these answers.

On December 18, 1952, the case came on for trial and proceeded to trial over the objections of VanSickle and Atkins. The plaintiff introduced her evidence and rested. At the close of plaintiff's evidence the defendant Becker demurred thereto upon the ground that the evidence was insufficient to constitute a cause of action against him. This demurrer was overruled. The defendants Van-Sickle and Atkins moved for an order of the court dismissing the action against them for the reason that the court had no jurisdiction of the parties. This was overruled.

The defendant Becker testified that he was a trucker and contractor and in 1947 had employed the decedent Wagner; that on November 26, 1947, he was operating under the workmen's compensation laws of this state; that he had elected to come within the provisions of the workmen's compensation laws and offered in evidence a copy of such election, and also the award of the workmen's compensation commissioner. These were objected to by plaintiff on the ground that they were "incompetent, irrelevant and immaterial." At the close of the evidence the defendant Becker moved the court for a directed verdict in his behalf for the reason the evidence clearly shows, without contradiction, that at the time of the accident and the death of the said Floyd Dale Wagner, the defendant, Becker, was working under the workmen's compensation law of the state of Kansas and by virtue thereof their remedy is an exclusive one, as far as Becker employer is concerned, and bars recovery of the plaintiff in the common-law action being tried here.

It was agreed and stipulated by counsel for plaintiff in open court that no rebuttal evidence would be introduced in refutation of defendant Becker's testimony. The court heard the argument of counsel and sustained defendant Becker's motion for the reason the evidence showed that the defendant Becker was at all times pertinent hereto operating under the workmen's compensation law of the state which law provides the exclusive remedy for recovery, if any, against the defendant Becker by the deceased or his privies. Thereupon the defendants VanSickle and Atkins moved the court for dismissal of the action insofar as it pertains to them for the

reason that the court was without jurisdiction and venue over them. This motion was sustained and judgment was rendered against the plaintiff.

Plaintiff has appealed and contends that a plaintiff may always sue two or more joint tort-feasors and the fact that for some reason he does not get judgment against one of them he may recover against the others. Citing *Rork v. Beatty,* 169 Kan. 320, 219 P. 2d 355. The general statement is true but in the case cited there was no question about jurisdiction or venue.

Counsel for appellant also cite *VanBuren v. Pratt,* 123 Kan. 581, 256 Pac. 1006, where the court pointed out that there are cases in which the plaintiff in good faith sues a party in the county where the action is brought and another party in another county a valid judgment may be rendered against the party in the other county although none is rendered against the party who resides in the county where the action is brought. In that case, however, it may be noted that even though the party in the other county filed a motion to quash the service he later, without objection, filed a general demurrer by which he entered a general appearance. Nothing of that kind occurred here. The record in this case disclosed that VanSickle and Atkins at every appearance they made in the case objected; at the time the case was called for trial; at the time the jury was selected; and, in the answer they were compelled to file raised the question of the court's jurisdiction and venue. More than that, in this case the court was not asked to find whether plaintiff was in good faith in naming Becker as defendant and made no finding on that point. The question does not appear to have been presented to the court. Certainly the court's judgment was not predicated upon that view and the fact that there had been a hearing before the workmen's compensation commission and certain benefits awarded in August, 1948, prior to the filing of this action in May, 1949, such a finding is not likely to have been made.

Counsel further say that in their petition they stated a cause of action against the three defendants and that their evidence proved a cause of action against all of them. We are unable to determine from the record what the evidence proved for the reason that none of it is abstracted here. We think it certain that if they proved a cause of action against the defendant Becker it was thoroughly disproved by Becker's testimony and by plaintiff's stipulation and

agreement made in open court that they had no rebuttal evidence against that testimony.

The first section of our workmen's compensation law, G. S. 1949, 44-501, in part reads:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with the provisions of this act. Save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act. . . ."

This language was used in section 1 of our first compensation act, chapter 218, Laws of 1911.

In *Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193 (1914), it was held:

"The original workmen's compensation act (Laws 1911, ch. 218, as amended by Laws 1913, ch. 216) leaves an employee in industries within its purview no other remedy than the one provided by the act. . . ."

In *Forcade v. List & Clark Construction Co.,* 172 Kan. 119, 238 P. 2d 549 (1951), the above language of our statute was quoted and followed in a death case and it was held:

"The Workmen's Compensation Law is a comprehensive act and covers every phase of a workman's right to compensation and the procedure for obtaining it."

Between the dates of these decisions there are as many as twenty cases to the same effect, many of them specifically holding that the workman, or his privies, cannot maintain a common law action for damages for injuries received, or the death of the workman, who was working under the workmen's compensation act. The holdings of our court have been uniform on this question. There is no occasion or necessity to make any different rule in this case. The fact that the plaintiff sued Becker in a common law action for negligence was not authorized by our statute for the simple reason that he could be held liable in this case. The fact that was done did not authorize the plaintiff to have summonses issued and sent to the sheriff of Chase county to be served upon the defendants VanSickle and Atkins. They were entitled to be sued in this case in the county of their own residence. See, G. S. 1949, 60-509, and *Voelker v. Broadview Hotel Co.,* 148 Kan. 326, 81 P. 2d 36.

We find no error in the record of which the appellant can complain. The judgment of the trial court is affirmed.