No. 39,489

CLYDE B. JONES and JUANITA JONES, *Appellants,* v. GILBERT L. COATE and MINA M. COATE, his wife, *Appellees,* GEORGE T. NORRIS and JOYCE NORRIS, his wife, *Defendants.*

(276 P. 2d 329)

Opinion filed November 13, 1954.

*Stanley E. Wisdom,* of Wichita, argued the cause, and *W. C. Jochems, J. Wirth Sargent, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, S. C. Durbin, J. Francis Hesse* and *James W. Sargent,* all of Wichita, were with him on the briefs for the appellants.

*Gerrit H. Wormhoudt,* of Wichita, argued the cause, and *J. B. McKay* and *J. B. McKay, Jr.,* both of El Dorado, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill* and *Theodore C. Geisert,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by plaintiffs from an order quashing the service of summons had on two nonresident defendants in an action for breach of contract.

Plaintiffs are residents of Butler County.

Defendants Norris are residents of Butler County.

Defendants Coate are residents of Comanche County.

The action was filed in Butler County, and service of summons was had on defendants Norris in that county. No complaint is made concerning that service of process, and defendants Norris are not parties to this appeal.

Service of the Butler County summons was had on defendants Coate in Comanche County by the sheriff of the latter county.

At this point it should be stated that plaintiffs' action was predicated on the theory that defendants Norris and Coate were partners, and that they breached a contract for the purchase of plaintiffs' automobile agency in El Dorado.

Defendants Coate, in a purported special appearance, filed a motion to quash the service of summons had upon them in Comanche County on the grounds (1) that the action is one which must be brought in the county in which some one of the defendants reside; (2) on the date summons was served upon them in Comanche County, and for many years prior thereto, they were, and still are, residents of that county; (3) in an effort to confer jurisdiction of the court over them plaintiffs joined as defendants the defendants Norris, residents of Butler County, alleging that defendant George T. Norris is a partner of defendant Gilbert L. Coate; (4) that no cause of action is pleaded against defendant Joyce Norris, that she was not joined as a defendant in good faith, that her joinder as a defendant was done in bad faith in an attempt to confer jurisdiction over movants, and that the venue of the action against them is properly in Comanche County where they reside; (5) that defendant George T. Norris was not at any time a partner of movants, or either of them, in relation to the matters alleged in the petition, or in any other venture, that such allegations of partnership were known by plaintiffs to be false and were made in bad faith in an attempt to confer jurisdiction of the court over the persons of movants, and (6) that by reason of the foregoing the court had no jurisdiction over movants.

This motion was sustained and plaintiffs have appealed.

It is conceded by defendants Coate that the action was properly brought in Butler County against defendants Norris, that being the county of the latters' residence, but it is contended, as alleged in their motion, that they, defendants Coate, were improperly joined as defendants and therefore service of summons upon them in Comanche County was invalid.

Plaintiffs, on the other hand, contend their petition alleges joint liability of all defendants on the theory of a partnership obligation and therefore defendants Coate were properly joined, and that service on them in Comanche County was valid.

Under G. S. 1949, 60-509, which provides:

"Every other action must be brought in the county in which the defendant or some one of the defendants reside or may be summoned."

defendants Norris were properly sued and served with process in Butler County, that being the county of their residence.

G. S. 1949, 60-2502, provides:

"Where the action is rightly brought in any county, according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, on the plaintiff's praecipe."

There are many decisions of this court which follow substantially the literal wording of the latter statute. See *Bank v. Bank,* 106 Kan. 303, 306, 187 Pac. 697; *Van Buren v. Pratt,* 123 Kan. 581, 256 Pac. 1006; and *Traders State Bank v. Wooster,* 159 Kan. 337, 344, 345, 154 P. 2d 1017.

It of course is elementary that in an action such as this parties jointly liable to a plaintiff may be joined as defendants.

The only question, therefore, in this case, is whether the petition alleges joint liability of all defendants. If it does, issuance of summons out of Butler County to and service thereof upon defendants Coate in Comanche County was proper—otherwise not.

In support of their respective contentions the parties dwell at length on the substantive law of joint and several liability as applied to partnerships. These contentions may well be very applicable upon the trial of the case but here we are not concerned with what the proof may show, and limit ourselves solely to the question whether the petition alleges joint liability of defendants so as to bring the matter within the purview of G. S. 1949, 60-2502, *supra,* insofar as service of process is concerned.

The petition and exhibits attached thereto cover some sixteen pages of the abstract. For our purposes it is unnecessary to summarize the allegations and contents in detail.

Briefly stated, the petition alleges that on or about the 20th of March, 1953, plaintiff Clyde B. Jones entered into a contract with defendants Gilbert L. Coate and George T. Norris, copartners, for the sale to such partners of his automobile agency in consideration of the sum of $135,000 and the conveyance to plaintiff and his wife of a section of land in Colorado, such consideration to be paid in the following manner: The sum of $20,000 was to be paid in cash immediately upon execution of a written contract. Defendant Gilbert L. Coate was to convey to plaintiffs the Colorado real estate. Defendant George T. Norris was to execute a promissory note to

plaintiff in the sum of $35,000, the same to be paid upon the sale of certain trucks owned by Norris. The balance of $80,000 was to be paid in eight equal annual installments, such balance to be evidenced by a series of promissory notes signed by defendants Coate and to be secured by a real estate mortgage covering the property sold by plaintiffs to the partners.

Performance on the part of plaintiff and repudiation and breach by defendant Coate are then alleged, and attached to the petition are copies of the contract, notes and mortgage executed pursuant to the agreement.

Throughout the petition the defendants are referred to as partners in all of the negotiations and transactions involved. We quote two excerpts therefrom:

". . . The said agreement was, in substance, that plaintiff would sell all of the assets of the said business, both real and personal, tangible and intangible, to the said partners, and that the said partners would purchase the same, . . ."

"8. In the execution of the foregoing contract and all the said notes and the said mortgage by either the defendant Gilbert L. Coate or the defendant George T. Norris, the said instruments were executed for and on behalf of both of the said defendants as copartners in the said business; and in all things material hereto, each of the said defendants was acting for and on behalf of the two of them and within the scope of the authority conferred upon either of them by the said partnership agreement."

Defendants Coate argue the most that can be said for the petition is that from its allegations defendant Gilbert L. Coate was to make certain specified payments and do certain things; that defendant George T. Norris was to make certain payments; that neither is interested in plaintiffs' cause of action against the other, and that the causes of action are improperly joined, citing *Pleifke v. Cline,* 149 Kan. 9, 85 P. 2d 996, which quotes with approval the rule stated in *Marshall v. Land Co.,* 75 Kan. 445, 89 Pac. 905, in which it was said:

"To justify the issuance of a summons to a forein county and the service of the same. upon a defendant residing or found there the action must be rightly brought and the persons sued must be rightly joined as defendants." (Syl. 3.)

We agree with the rule there announced, and, as applied to the case at hand, are of the opinion the allegations of the petition are sufficient to warrant the issuance of summons to and service thereof upon defendants Coate in Comanche County.

The order of the lower court quashing service of summons is therefore reversed.