No. 42,949

Rock, Inc., *Appellee,* v. George O. Fauvergue, Jr., and Pittsburg Reclaiming Company, Inc., *Appellants.*

(378 P. 2d 138)

*Walter B. Patterson,* of Fort Scott, argued the cause and was on the brief for the appellants.

*Charles H. Menghini,* of Pittsburg, was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action wherein plaintiff seeks to recover certain sums of money belonging to it and which were unlawfully appropriated or converted to the use and benefit of defendants. The case is still in the "pleading stage," and defendants have appealed from various adverse orders.

Very highly summarized, the record presented shows substantially the following:

In the petition it is alleged that plaintiff, Rock, Inc., is engaged in the quarrying and sale of limestone for agricultural and road purposes, with its principal place of business and office at Frontenac, in Crawford county. The defendant, George O. Fauvergue, Jr., hereafter referred to as F, is a resident of Fort Scott, in Bourbon county. Defendant, Pittsburg Reclaiming Company, Inc., hereafter referred to as Company, has its principal place of business in Crawford county. Defendant F was secretary-treasurer of plaintiff and was the sole officer in charge of its business, and as such was in charge of all sales, purchases, books and records, and handled all monies and accounts of plaintiff. Defendant F also was the managing officer, primary stockholder and president of defendant Company, and had full charge of and was in control of all receipts and disbursements of monies of the Company. Checks were drawn on plaintiff by F, payable to the Company, although at the times in question no sums were due and owing by plaintiff to either of the defendants. F also borrowed money from various banks on the credit of plaintiff, but such borrowed sums were not deposited to the credit of plaintiff. Certain checks made payable to plaintiff were endorsed by F but never deposited to plaintiff's account. F, when making deposits for plaintiff, would make cash withdrawals for the benefit of both defendants, although the amounts so withdrawn were not due and owing to defendants. All of the above and other alleged transactions by F were made without authority.

Service of summons on defendant Company was made in Crawford county—where the action was filed.

Service of summons on defendant F was made in Bourbon county —that being the county of his residence.

Each defendant filed a motion to quash service of summons. Both motions were overruled.

Defendants filed a joint motion to require plaintiff to make its petition definite and certain in thirty-four particulars. They also moved to strike certain allegations from the petition.

Defendants also filed a joint motion to require plaintiff to separately state and number its alleged causes of action.

The motion to make definite and certain was sustained in part.

The motion to strike was overruled.

The motion to separately state and number was confessed by plaintiff in open court and plaintiff was given twenty days in which to file an amended petition.

The amended petition, not being filed within the twenty-day period, defendants subsequently filed a motion to dismiss the action. This motion was denied and plaintiff was granted permission to file an amended petition out of time.

Defendants then filed their motion to strike the amended petition from the files or, in the alternative, to dismiss the action. This motion was denied.

Each of the defendants then filed a demurrer to the petition and amended petition.

Each demurrer was overruled, and defendants have appealed from all of the aforementioned adverse rulings and specify each as error.

Concerning the correctness of the order overruling the separate motions to quash service of summons, the contentions appear to be:

The sheriff's return on the summons issued to defendant Company in Crawford county reads:

"Received this writ May 18, 1959 and as commanded therein, I summoned the following defendant at the time and in the manner following, to-wit:

"Pittsburg Reclaiming Co., Inc., a Kansas corporation, with registered office in Crawford County, Kansas, on May 18, 1959, by delivering in said County and State a true and correct copy of said summons with all endorsements thereon personally to Zula Fauvergue, she being the Secretary-Treasurer of said corporation, the President, Resident Agent and other chief officers of the corporation not being found within said County and State."

Defendant Company contends the service thus had is not in compliance with G. S. 1949, 60-2518, which in material part reads:

"A summons against a corporation may be served upon the president, resident agent, mayor, chairman of the board of directors, or trustees, or other

chief officer; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent;  . . ."

Without further discussion we hold that the service upon defendant Company in Crawford county was, on its face, in compliance with the mentioned statute, and as to defendant Company the motion to quash was properly overruled.

With respect to defendant F, a resident of Bourbon county, and who was served with summons in that county, it is contended that (1) there was no valid service of summons upon defendant Company in Crawford county, and therefore jurisdiction was not obtained of that defendant so as to authorize service of summons upon him in Bourbon county; and (2) the petition does not allege a joint liability of defendants so as to authorize service of summons upon him in Bourbon county.

We have already held that valid service of summons was had in Crawford county on defendant Company.

G. S. 1949, 60-2502, reads:

"Where the action is rightly brought in any county, according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, on the plaintiff's praecipe."

The mentioned statute has been considered many times and the rule is that where joint liability of multiple defendants is sufficiently alleged in a petition filed in a county where one of such defendants can be and is served with summons, the issuance and service of summons upon another or other defendants in another county is justified. The test is not whether the alleged joint liability can be established at the trial, but whether the petition sufficiently alleges joint liability of such defendants. (*Jones v. Coate,* 177 Kan. 109, 276 P. 2d 329; *First National Bank of Topeka v. United Telephone Ass'n,* 187 Kan. 29, 353 P. 2d 963.)

Examining the petition, we have no difficulty in concluding that it sufficiently alleges a joint liability of defendants so as to justify the issuance of summons to defendant F in Bourbon county, and his motion to quash service of summons was likewise properly overruled.

With respect to the order overruling in part the motion to make definite and certain, and the orders overruling the motions to strike, granting plaintiff permission to file an amended petition out of time, and overruling the motion to dismiss the action, it is sufficient to state that rulings on such matters rest to such a great extent within the sound discretion of a trial court that they will not be disturbed

absent a clear showing of abuse of judicial discretion. Without detailing the numerous points raised by the motions in question, we simply hold that no abuse of discretion has been made to appear, and under all of the circumstances disclosed by the record the rulings in question were proper.

With respect to the orders overruling the demurrer of each defendant to the petition and amended petition, a detailed discussion of the many transactions alleged in those pleadings would serve no purpose other than unnecessarily to encumber this opinion. We have examined the allegations of the petition and amended petition and are convinced they are sufficient to withstand each of the demurrers, and each was properly overruled.

The judgment is in all respects affirmed.