**302**

(851 P.2d 1021)

No. 68,584

LOIS KARHOFF, *et al., Appellants,* v.
NATIONAL MILLS, INC., *et al., Appellees.*

Opinion filed May 7, 1993.

*Frederick R. Smith,* of Pittsburg, and *Robert S. Tomassi* and *Reina Holtman,* of Loy, Loy & Tomassi, P.A., of Pittsburg, for the appellants.

*Bill Wachter,* of Wilbert and Towner, P.A., of Pittsburg, for the appellees.

Before BRISCOE, C.J., LARSON, J., and DAVID J. KING, District Judge, assigned.

BRISCOE, C.J.: The heirs of Patrick Riley appeal the dismissal of their negligence action against Riley's employer and other unnamed defendants. Riley was killed while performing his duties as an employee of National Mills, Inc. National Mills, through its workers compensation insurance carrier, paid medical expenses and the statutory burial allowance, and paid the no-dependent death benefit to the State in the amount of $18,500.

On August 1, 1991, Riley was crushed while making repairs to a rib knitting machine during his employment with National Mills. It is undisputed that Riley's death was the result of an "accident arising out of and in the course of employment" which would cause his employer to be liable for the payment of compensation under the Workers Compensation Act. K.S.A. 1992 Supp. 44-501(a). At the time of his death, Riley was not married and he had no children or dependents. His heirs filed this action,

alleging negligence, gross negligence, and strict liability. The court dismissed the action, adopting the arguments and authorities contained in National Mills' motion to dismiss. National Mills relied upon the exclusive remedy provision of the Workers Compensation Act, K.S.A. 1992 Supp. 44-501(b), to argue the heirs' action should be dismissed.

Under K.S.A. 1992 Supp. 60-212(c), a motion to dismiss will be treated as a motion for summary judgment when affidavits are attached to the motion to dismiss for the district court's consideration. See *Bethany Medical Center v. Knox*, 10 Kan. App. 2d 192, 193, 694 P.2d 1331 (1985). Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When summary judgment is challenged on appeal, we must read the record in the light most favorable to the party who defended against the motion. *Falls v. Scott*, 249 Kan. 54, Syl. ¶ 1, 815 P.2d 1104 (1991). Further, if conclusions of law are within the district court's ruling, this court has unlimited review of those conclusions. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

In the present case, the material facts are undisputed. The court relied upon conclusions of law in entering summary judgment in favor of National Mills.

## I. Heirs' constitutional challenge under Kan. Const. Bill of Rights § 18.

The heirs contend the Act violates Kan. Const. Bill of Rights § 18 because its application provides them no remedy. The Kan. Const. Bill of Rights § 18 provides: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." The heirs argue they have a constitutional right to a remedy under § 18. They further argue the Act not only fails to provide a remedy to them, but also acts as a bar to their seeking other remedies. Specifically, they challenge the operation of K.S.A. 1992 Supp. 44-501(b) and K.S.A. 1992 Supp. 44-510b. K.S.A. 1992 Supp. 44-501(b) provides:

"Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer."

When an employee's injury results in death, 44-510b limits those who may receive compensation under the Act to the employee's spouse, children, and dependents. Reading 44-501(b) and 44-510b together, when an employee's injury results in death, the remedies available under the Act are the exclusive remedies available as against the employer or co-employees, and those remedies are available only to an employee's spouse, children, and dependents. When an employee's injury results in death and the employee has no spouse, children, or dependents, the Act provides only for payment of the employee's medical expenses (K.S.A. 1992 Supp. 44-510), the burial allowance (44-510b[f]), and the $18,500 no-dependent death benefit to the State (K.S.A. 44-570).

There is no merit to the heirs' contention that § 18 of the Bill of Rights provides them with a constitutional right to a remedy against National Mills for Riley's death. Although not recognized as such by the parties, the action brought by the heirs against National Mills is a wrongful death action pursuant to K.S.A. 60-1901, which provides:

"If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had he or she lived, in accordance with the provisions of this article, against the wrongdoer, or his or her personal representative if he or she is deceased."

Section 18, which preserves the right to remedy by due course of law, applies only to civil causes of action that were recognized as justiciable by the common law as it existed at the time our constitution was adopted. See *Leiker v. Gafford*, 245 Kan. 325, 362, 778 P.2d 823 (1989). Kansas common law did not recognize a civil claim for wrongful death at the time our Bill of Rights was adopted. 245 Kan. at 361-62. In Kansas, a wrongful death action is purely a creature of statute. 245 Kan. at 362. Therefore,

§ 18 cannot be invoked by the heirs to challenge their lack of remedy against National Mills by operation of the Act.

Further, it would appear the heirs read 44-501(b) too broadly by interpreting this provision as barring all suits against all parties. The Act permits the heirs to maintain a civil action for damages against parties other than the employer or a co-employee. See K.S.A. 1992 Supp. 44-504(a).

## II. Riley's constitutional challenge under § 18.

The constitutionality of a statute is presumed, and all doubts must be resolved in favor of its validity. Before a statute may be stricken down, it must clearly appear the statute violates the constitution. *Boatright v. Kansas Racing Comm'n,* 251 Kan. 240, 243, 834 P.2d 368 (1992). The burden of proof is on the party challenging the constitutionality of the statute. *Clark v. Walker,* 225 Kan. 359, 366, 590 P.2d 1043 (1979).

While we question the heirs' standing to raise a constitutional challenge to the Act's effective limitation of Riley's common-law remedies, we will address the issue. The Supreme Court considered a similar constitutional challenge by an employee in *Rajala v. Doresky,* 233 Kan. 440, 441, 661 P.2d 1251 (1983). In *Rajala,* an employee contended the operation of 44-501 and 44-504(a) violated his rights under § 18. The employee had filed a civil damage action against a co-employee for injuries sustained when he was intentionally struck by the co-employee. The employee appealed from a summary judgment entered in favor of the co-employee on the basis that the employee's exclusive remedy was under the Act. The Supreme Court addressed the constitutional challenge to 44-501(b) and 44-504(a) by noting "[t]he [Workers] Compensation Act removes certain common law remedies for injured employees but provides a statutory substitute therefor. This is basically a matter of public policy." 233 Kan. at 441. The court then concluded 44-501 and 44-504(a) are not violative of § 18. 233 Kan. at 442.

An early case which addressed the theory behind Kansas workers compensation law lends support to *Rajala's* conclusion regarding the constitutionality of the "trade-offs" effected by enactment of the Act. In *McRoberts v. Zinc Co.,* 93 Kan. 364, 366-67, 144 Pac. 247 (1914), one of the first cases to review the

workers compensation legislation after its enactment in 1911, the Supreme Court stated:

"In the enactment of the compensation law the legislature recognized that the common-law remedies for injuries sustained in certain hazardous industries were inadequate, unscientific, and unjust, and therefore a substitute was provided by which a more equitable adjustment of such loss could be made under a system which was intended largely to eliminate controversies and litigation and place the burden of accidental injuries incident to such employments upon the industries themselves, or rather upon the consumers of the products of such industries."

As regards a constitutional challenge under § 18 to the exclusivity and adequacy of Riley's remedies under 44-501(b) and 44-510b, we conclude *Rajala*'s rationale is likewise applicable. K.S.A. 1992 Supp. 44-501(b) and 44-510b do not violate § 18 of the Bill of Rights.

The heirs, citing *Kansas Malpractice Victims Coalition v. Bell*, 243 Kan. 333, 757 P.2d 251 (1988), argue the Act is unconstitutional because it does not provide an adequate quid pro quo for the rights that it eliminates. However, *Kansas Malpractice* cites *Rajala* and notes that *Rajala* specifically recognizes the constitutionality of the Act as providing a viable statutory remedy as a substitute for the employee's common-law remedies. 243 Kan. at 344.

III. Applicability of exclusive remedy provision.

The heirs also contend the exclusive remedy provision of the Act, 44-501(b), does not apply to them because neither Riley nor his heirs have recovered compensation from National Mills. Therefore, in the absence of a remedy under the Act, the heirs should not be precluded from bringing a common-law negligence action against National Mills.

While it is true the heirs have received nothing through the operation of the Act, compensation has been paid under the Act through payment of Riley's medical expenses and a burial allowance. As regards compensation payable to Riley, the import of the heirs' argument is a challenge to the *adequacy* of his compensation. The heirs point to the Act's failure to compensate Riley for his loss of wages and for his pain and suffering and argue the Act's compensation provides Riley an inadequate remedy. A similar argument was rejected in *Balagna v. Shawnee County*, 233

Kan. 1068, 1084-85, 668 P.2d 157 (1983), where the widow and dependents of the employee challenged the adequacy of compensation under the Act:

"In their brief, the plaintiffs recognize the many Kansas cases which hold that no recovery can be had against an employer for injuries for which workers' compensation is recoverable. They contend however, that compensation, within the meaning of the workers compensation act does not include recovery of damages for such elements of damage as loss of companionship, society, and comfort from a husband and father. According to the plaintiffs, workers' compensation includes only medical and funeral expenses and wages at the rate paid at the time of injury. They urge us to hold that the plaintiffs should be allowed in this action to recover compensation by way of damages for nonpecuniary loss and also compensation for Balagna's lost earnings had he worked during a normal life expectancy. We reject the contentions of plaintiffs and hold that the trial court properly dismissed plaintiffs' common-law action against M.W. Watson, Inc. [the employer]. Since the enactment of the workers' compensation act, it has been held to be the exclusive remedy against the employer provided to the injured employee or his dependents. The employee or his dependents recover benefits under the act regardless of proof of negligence on the part of the employer."

In *Hollingsworth v. Fehrs Equip. Co.*, 240 Kan. 398, 401, 729 P.2d 1214 (1986), the court explained the exclusive remedy rule under 44-501(b) as follows:

"This statute is commonly referred to as the exclusive remedy provision of the [Workers] Compensation Act, K.S.A. 44-501 *et seq.* If a worker can recover benefits for an injury from an employer under the provisions of the [Workers] Compensation Act, its remedy is exclusive, precluding a common-law negligence action for damages against the employer. [Citations omitted.] This furthers the policy and purpose of the [Workers] Compensation Act, which is to provide an established source of benefits to the employee for injuries arising out of and in the course of his [or her] employment, and to shift from the employee to the industry certain burdens incidental to modern industrial operations. [Citation omitted.] Further, the provisions of the Act are to be liberally construed to bring workers under the Act whether or not it is desirable for the specific individual's circumstance. [Citation omitted.]"

Even though the compensation received by Riley under the Act is arguably inadequate, the exclusivity provision of the Act applies to Riley and bars his seeking additional recovery from National Mills.

As regards applicability of the exclusive remedy provision to Riley's heirs, the Supreme Court in *Spade v. VanSickle*, 175 Kan. 557, 265 P.2d 860 (1954), addressed parties in a similar factual situation, found the Act applied to heirs of a deceased employee, and barred their bringing a wrongful death action against the employer. In *Spade*, a 20-year-old employee died, leaving no spouse, child, or dependent. The employee's mother and next of kin filed a wrongful death action against the employer and others. The court recognized the exclusivity of the Act and expressly held that "[t]he surviving kin of a deceased [worker], whose employer is operating under the [workers] compensation act, are not entitled to maintain a common law action for damages against such employer. Their recovery is limited to the [workers] compensation act." 175 Kan. 557, Syl. ¶ 1. The *Spade* decision was more recently followed and applied in *Woods v. Cessna Aircraft Co.*, 220 Kan. 479, 553 P.2d 900 (1976), and *Stonecipher v. Winn-Rau Corporation*, 218 Kan. 617, 545 P.2d 317 (1976), to prohibit an employee's heirs from proceeding against employers in wrongful death actions.

IV. Employer as contingently necessary party.

The heirs next contend the trial court erred in dismissing National Mills as a party defendant. They argue National Mills is a contingently necessary person under K.S.A. 60-219(a) because discovery has not yet been completed.

The heirs filed their action against National Mills and "other persons, organizations, entities and corporations, as yet unnamed." The trial court's dismissal order, which was in effect a summary judgment, was not limited to the dismissal of National Mills as a party. The effect of the court's order was dismissal of the entire action. Even if the court's order were limited to the dismissal of National Mills, there remains no named party defendant in the action.

As we have concluded the Act provides the exclusive remedy for Riley's claims against National Mills, there is no basis for concluding National Mills is a contingently necessary person as defined in 60-219(a):

"A person is contingently necessary if (1) complete relief cannot be accorded in his absence among those already parties, or (2) he claims an

interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action in his absence may (i) as a practical matter substantially impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

## V. Joinder of employer for comparative fault purposes.

The heirs also argue they should be able to join National Mills under K.S.A. 1992 Supp. 60-258a for purposes of comparing fault. A plain reading of the statute reveals that it does not apply to the heirs:

"On motion of any party *against whom a claim is asserted* for negligence resulting in death, personal injury, property damage or economic loss, any other person whose causal negligence is claimed to have contributed to such death, personal injury, property damage or economic loss, shall be joined as an additional party to the action." (Emphasis added.) K.S.A. 1992 Supp. 60-258a(c).

Here, there are no other named defendants who could have filed a motion to join National Mills under 60-258a(c). Neither of the cases cited by the heirs, *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465, 625 P.2d 472 (1981), or *Wilson v. Probst*, 224 Kan. 459, 581 P.2d 380 (1978), stand for the proposition that a plaintiff can join an injured employee's employer for comparative fault purposes. In fact, in *Wilson*, it was a defendant who joined a third party under 60-258a(c). In *Negley*, a wrongful death case, it is unclear who joined the employer of the injured worker.

Affirmed.