NOT DESIGNATED FOR PUBLICATION

No. 126,764

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GARY HIGGINBOTHAM, surviving spouse of MELISSA HIGGINBOTHAM, deceased,
*Appellant*,

v.

STATE OF KANSAS and STATE SELF-INSURANCE FUND,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Submitted without oral argument. Opinion filed July 19, 2024. Affirmed.

*Matthew L. Bretz*, of Bretz Injury Law, LLC, of Hutchinson, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellees.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Melissa Higginbotham died during the course of her employment. Her husband filed for survivor's benefits under the Kansas Workers Compensation Act, K.S.A. 44-501 et seq. (the Act). He was awarded benefits, as statutorily permitted. Higginbotham appeals this award, arguing that the Act is unconstitutional because it does not provide for a right to a jury trial and it caps the amount of compensation payable to a claimant's spouse, dependents, or heirs when the claimant's injury results in the claimant's death. We affirm Higginbotham's workers compensation award and hold the constitutional challenges presented are unwarranted under the law.

1

FACTS

Higginbotham was employed by the State of Kansas at Larned State Hospital, located in Larned, Kansas. On September 16, 2021, Higginbotham was traveling for work when an oncoming vehicle drove onto the shoulder, lost control, and then crossed the centerline of the road, striking Higginbotham's vehicle. As a result of the crash, Higginbotham lost her life.

Higginbotham's surviving spouse, Gary Higginbotham, filed for workers compensation benefits on behalf of Higginbotham. Higginbotham's spouse was awarded a lump sum payment of $60,000 and a weekly death benefit of $737 to be paid by the State Self-Insurance Fund. These benefits were capped at $300,000 based on K.S.A. 44-510b(h). A portion of these weekly payments were ordered to be paid in a lump sum, with the remainder continuing until the statutory cap of $300,000 was reached or until Gary Higginbotham's death. Higginbotham applied for review of the award with the Workers Compensation Appeals Board, which affirmed the award.

Before both the administrative law judge (ALJ) and the Workers Compensation Appeals Board, Higginbotham challenged the constitutionality of the statutory cap on the award and the denial of a trial by jury. Both determined that they could not entertain constitutional challenges to the Act.

Higginbotham timely petitioned this court for judicial review of the Kansas Workers Compensation Appeals Board's order affirming the award.

ANALYSIS

Just as before the ALJ and the Workers Compensation Appeals Board, on appeal Higginbotham raises two constitutional challenges to the Act. First, he argues that the Act

2

is unconstitutional because it does not provide for a right to a jury trial. Second, he argues that the statutory cap on the permissible award in the Act is unconstitutional. Higginbotham's arguments primarily challenge the Act under sections 5 and 18 of the Kansas Constitution Bill of Rights.

*Standard of review and other legal principles applicable to our review*

The standard of review for both issues on appeal, which challenge the constitutionality of a statute, is identical, making recitation of the standard repeatedly for each unnecessary. Thus, our standard of review is as follows:

"Determining whether a statute violates the constitution is a question of law subject to unlimited review. Under our state's separation of powers doctrine, courts presume a statute is constitutional and resolve all doubts in favor of the statute's validity. A statute must clearly violate the constitution before it may be struck down." *Miller v. Johnson*, 295 Kan. 636, Syl. ¶ 1, 289 P.3d 1098 (2012).

We note that Higginbotham raised these arguments before the ALJ and the Board, but both lack the authority to rule on the constitutionality of any statute, including those found in the Act. See *Pardo v. United Parcel Service*, 56 Kan. App. 2d 1, 10, 422 P.3d 1185 (2018).

If Higginbotham's arguments require statutory interpretation, that presents a question of law over which appellate courts have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). Generally, appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Typically, courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the Legislature's apparent intent. *Solomon v. State*, 303 Kan. 512, 523, 364 P.3d 536 (2015). Nevertheless, this presumption of constitutionality does not apply to a statute dealing with a "fundamental

interest" or rights protected by the Kansas Constitution. See *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1132-33, 442 P.3d 509 (2019).

We now address Higginbotham's arguments in turn.

I. *Does the Act violate section 5's right to a trial by jury, rendering it unconstitutional?*

Higginbotham argues that the Act's exclusive remedy provision—K.S.A. 44-501b(d)—is unconstitutional under section 5 of the Kansas Constitution Bill of rights because it infringes on the right to a jury trial and to have a jury determine the damages. In response, the State argues that Higginbotham's right to a jury trial under section 5 is not violated because that section guarantees only a right to a jury trial in cases that were properly triable by a jury before adoption of the Kansas Constitution, and his claim is not one of those claims.

An employer who is subject to the Act is liable to pay compensation to an employee who suffers personal injury by accident or death arising out of and in the course of employment. K.S.A. 44-501b(b). In return, the employee receiving workers compensation benefits cannot bring a civil action for damages against the employer or another employee. K.S.A. 44-501b(d). In other words, the remedy provided by the Act is exclusive. *Scott v. Hughes*, 281 Kan. 642, 645, 132 P.3d 889 (2006).

Higginbotham argues that this exclusivity of remedy available under K.S.A. 44-501b(d) violates section 5 of the Kansas Constitution Bill of rights. K.S.A. 44-501b(d) reads:

> "Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury

4

or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer."

Section 5 of the Kansas Constitution Bill of Rights reads: "The right of trial by jury shall be inviolate." This right not only includes the right to impanel a jury, but rather, "[i]t is a process that includes the right to assemble a jury, a right to present evidence, a right to have the jury determine and award damages, and the right to a judgment for the full damages as determined by the jury and supported by the evidence." *Miller*, 295 Kan. at 696 (Beier, J., concurring in part and dissenting in part); see *Smith v. Printup*, 254 Kan. 315, 324, 866 P.2d 985 (1993) ("There is no question in Kansas that the right to trial by jury includes the right to have a jury determine actual damages.").

The rights secured under section 5 are fundamental. *Hilburn*, 309 Kan. at 1133 ("[W]e have little difficulty deciding that the right protected by section 5 is a 'fundamental interest' expressly protected by the Kansas Constitution Bill of Rights. As such, we will not apply a presumption of constitutionality to challenges brought under section 5.").

Higginbotham's argument is based on our Supreme Court's holding in *Hilburn*, 309 Kan. 1127. In that case, Hilburn was injured when the car she was riding in was rear-ended by a semi-truck. Hilburn sued the truck's owner, alleging that the truck driver's negligence caused the collision, and therefore, the owner was vicariously liable for the semi-truck driver's actions. The truck's owner admitted the semi-truck driver's negligence and conceded its vicarious liability in its answer to Hilburn's petition, and the case proceeded to trial on the issue of damages.

The jury awarded Hilburn $335,000 in damages, of which $33,490.86 was medical expenses and $301,509.14 was for noneconomic damages. Nevertheless, the district court

entered judgment for $283,490.86, lowering the noneconomic damages to $250,000 per K.S.A. 60-19a02, which at the time capped noneconomic damages to $250,000.

Hilburn appealed, arguing, in part, that K.S.A. 60-19a02 was unconstitutional because it violated section 5 of the Kansas Constitution Bill of Rights. This court rejected Hilburn's arguments and affirmed the district court's reduced judgment. *Hilburn v. Enerpipe, Ltd.*, 52 Kan. App. 2d 546, 554-56, 560, 370 P.3d 428 (2016). In so doing, this court applied the quid pro quo test to section 5 and held that K.S.A. 60-19a02's modification of the right to a jury trial, which includes the right of a jury to determine an individual's damages, was permissible. 52 Kan. App. 2d at 554-56. Hilburn appealed to our Supreme Court, which agreed to consider the matter.

In short, our Supreme Court overruled this court and "abandon[ed] the quid pro quo test for analyzing whether the noneconomic damages cap is unconstitutional under section 5 of the Kansas Constitution Bill of Rights." *Hilburn*, 309 Kan. at 1144.

We now turn to the question at hand under the facts of this case: Does the Act's exclusive remedy statute impermissibly infringe on Higginbotham's right to a jury trial under section 5 of the Kansas Constitution Bill of Rights?

To begin, we must determine if the exclusive remedy provision violates Higginbotham's common-law rights as they historically existed when Kansas' Constitution came into existence in 1859. See *Miller*, 295 Kan. at 696 (Beier, J., concurring in part and dissenting in part) ("This language preserves the right to jury trial in those causes of action that were triable to a jury under the common law extant in 1859, when the Kansas Constitution was ratified by the people of our state."); see also *In re L.M.*, 286 Kan. 460, 476, 186 P.3d 164 (2008) (Luckert, J., concurring) ("The uncompromising language of [section 5] applies if an examination of history reveals there

6

was a right at common law to a jury trial under the same circumstances. *E.g., Craig v. Hamilton*, 213 Kan. 665, 670, 518 P.2d 539 [1974].").

When the Kansas Constitution came into existence and until the first version of the workers compensation system was established in 1911, employees had a common-law right to sue employers for injuries. See *Injured Workers of Kansas v. Franklin*, 262 Kan. 840, 882-83, 942 P.2d 591 (1997). But we must decide the case on the facts before us, not in generalities. See *Montoy v. State*, 279 Kan. 817, 844, 112 P.3d 923 (2005) ("This case is extraordinary, but the imperative remains that we decide it on the record before us."); *State v. Parrish*, No. 123,891, 2022 WL 3135318, at *2 (Kan. App. 2022) (unpublished opinion) ("[C]ourts decide concrete questions that will have an actual impact on the parties before us.").

Here, Higginbotham does not bring a cause of action for injuries. Rather, he seeks compensation for his spouse's death, which was no fault of the employer. When the Kansas Constitution came into existence, there was no common-law right to recover for wrongful death. *Leiker v. Gafford*, 245 Kan. 325, Syl. ¶ 14, 778 P.2d 823 (1989) ("The longstanding rule in Kansas is that there was no right at common law to recover for wrongful death. A cause of action for wrongful death is a creature of statute in Kansas."), *overruled in part on other grounds by Martindale v. Tenny*, 250 Kan. 621, 829 P.2d 561 (1992); see *Tillman v. Goodpasture*, 313 Kan. 278, 291, 485 P.3d 656 (2021) (citing with approval *Leiker*'s holding that no claim for wrongful death existed at common law).

Section 5 "applies to give the right to trial by jury on issues of fact so tried at common law as it existed at the time the Kansas Constitution was adopted, but no further." *Tillman*, 313 Kan. 278, Syl. ¶ 2. Higginbotham's argument here urges this court to go beyond the parameters of section 5 and the facts before us. While a worker's common-law right to try a case against the employer for *injuries* via a jury and have a

jury determine the damages was impinged upon by the Act's exclusive remedy provision, there was no right to bring a claim for wrongful death.

Thus, the discussion in *Hilburn*, 309 Kan. at 1142-43, supports the conclusion that the Act's exclusive remedy provision does not violate section 5. There, our Supreme Court disagreed with the assertion in the *Miller* majority that overruling our past application of the quid pro quo test to excuse violation of the right to jury trial would require dismantling of the workers compensation scheme. *Hilburn*, 309 Kan. at 1142 (quoting *Miller*, 295 Kan. at 712-13, [Beier, J., concurring in part and dissenting in part]). The *Hilburn* court expressly disagreed that its new analysis of section 5 would affect the constitutionality of the Act, stating "the dismantling" of the Act is "far from assured for several reasons." 309 Kan. at 1142.

To summarize, section 5 of the Kansas Constitution Bill of Rights is applicable to give the right to trial by jury on common-law causes of actions that existed when the Kansas Constitution was adopted. There was no common-law cause of action for wrongful death then or now.

In conclusion, as stated earlier, a wrongful death action is purely a creature of statute in Kansas. So, section 5 of the Kansas Constitution Bill of Rights does not limit how the Kansas Legislature may regulate or limit death claims in the Workers Compensation Act that was not a common-law cause of action that existed when the Kansas Constitution was adopted. Under the facts of this case, the Act's exclusive remedy provision (K.S.A. 44-501b[d]) does not violate section 5 of the Kansas Constitution Bill of Rights' right to present a case to a jury and have a jury determine damages.

8

II. *Does the Act violate section 18's right to equal protection?*

But we again run into the same issue as we did with the previous argument—there was no wrongful death cause of action originally recognized at common law. As with section 5, section 18—which preserves the right to remedy by due course of law—applies only to civil causes of action that were recognized as justiciable by the common law as it existed at the time our Constitution was adopted. See *Leiker*, 245 Kan. at 362. Stated differently, section 18 "does not create rights of action. It preserves the right to remedy by due process of law for civil causes of action recognized as justiciable by the common law as it existed at the time the Kansas Constitution was adopted." *Tillman*, 313 Kan. 278, Syl. ¶ 4.

As previously discussed, Kansas common law did not recognize a civil claim for wrongful death when our Bill of Rights was adopted. *Leiker*, 245 Kan. at 361-62. In Kansas, a wrongful death action is purely a creature of statute. 245 Kan. at 362. Thus, section 18 cannot be invoked to challenge the statutory cap on the award given for Higginbotham's death. See K.S.A. 44-510b(h); *Karhoff v. National Mills, Inc.*, 18 Kan. App. 2d 302, Syl. ¶ 5, 851 P.2d 1021 (1993) ("Kan. Const. Bill of Rights § 18, which preserves the right to remedy by due course of law, applies only to civil causes of action that were recognized as justiciable by the common law as it existed at the time our constitution was adopted. Kansas common law did not recognize a civil claim for wrongful death at the time our Bill of Rights was adopted. In Kansas, a wrongful death action is purely a creature of statute. So, § 18 cannot be invoked by heirs of an employee to challenge lack of a remedy against an employer by operation of the Workers Compensation Act.").

For these reasons, K.S.A. 44-501b(d) and K.S.A. 44-510b(h) do not violate section 18 of the Kansas Constitution Bill of Rights.

Affirmed.