No. 44,199

GEORGE W. RODA and MARY RODA, *Appellees and Cross-Appellants,*
v. R. C. WILLIAMS, II, *Appellant.*

(407 P. 2d 471)

Opinion
filed November 6, 1965.

*Robert L. Earnest*, of Russell, argued the cause, and *Eric E. Smith*, of Russell, was with him on the brief for the appellant.

*J. Eugene Balloun*, of Great Bend, argued the cause, and *H. Lee Turner* and *James Berglund*, both of Great Bend, were with him on the brief for the appellees and cross-appellants.

*Howard M. Immel*, of Iola, was on the brief *amicus curiae* for the Kansas Motor Carriers Association.

The opinion of the court was delivered by

HARMAN, C.: This is an action for wrongful death pursuant to K. S. A. 60-1901, *et seq.* Appellees are the heirs at law and parents of a twenty year old boy killed as a result of alleged negligence of a fellow employee while working for a common employer. Decedent was subject to the Kansas Workmen's Compensation Act, under which appellees received death benefits from the employer and its insurance carrier in the sum of $1,640.00. A jury trial resulted in a verdict for appellees for $4,000.00. The sole question involved in the principal appeal is whether the heirs of a deceased employee may maintain a wrongful death action against a negligent co-employee causing the death when the deceased employee was subject to the Kansas Workmen's Compensation Act.

At common law, fellow employees mutually owed to each other the duty of exercising ordinary care in the performance of their duties and each was liable for a failure in that respect which resulted in injury to a fellow employee. Has this right been abrogated by our workmen's compensation act?

We recognize that the right to recover for wrongful death did not exist at common law, being one created by statute. For discussion purposes here, however, we may equate actions for wrongful death generally with common law actions for personal injury inasmuch as we have had a wrongful death statute since statehood and the same general principles are applicable.

The precise question here has not been decided by this court, the answer lying upon the interpretation to be given our workmen's compensation act and particularly K. S. A. 44-504 which provides:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.

"In the event of recovery from such other person by the injured workman or the dependents or personal representatives of a deceased employee by

judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien: *Provided,* That whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured workman, his dependents or personal representative prior to the completion of compensation or medical aid payments, the amount of such judgment, settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said compensation or medical aid. Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, and if prosecuted by the dependents or personal representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury.

"Failure on the part of the injured workman, or the dependents or personal representatives of a deceased workman to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman or the dependents or personal representatives of a deceased workman may have against any other party for such injury or death, and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives for their benefit as their interest may appear by proper action in any court of competent jurisdiction. The court shall fix attorney fees which shall be paid proportionately by the employer and employee in the amounts determined by the court."

This statue is the result of various amendments to a provision originally enacted in 1911 (Laws, 1911, ch. 218, § 5) which provided:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages in respect thereof: (*a*) The workman may take proceedings against that person to recover damages and against any person liable to pay compensation under this act for such compensation, but shall not be entitled to recover both damages and compensation; and (*b*) if the workman has recovered compensation under this act, the person by whom the compensation was paid, or any person who has been called on to indemnify him under the section of this act relating to subcontracting, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the workman to recover damages therefor."

The 1927 amendment to the same statute (Laws 1927, ch. 232, § 4) provided:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damage, the injured workman or his personal representative shall within ninety (90) days of the date of receiving said injury elect whether to take compensation under this act or to pursue his

remedy against such other person. Such election must be in writing and must be delivered to the employer in person or by registered mail, and the acceptance of compensation by an injured workman shall be construed as a positive election to accept compensation under this section. Failure on the part of the injured employee or his personal representative to file a written election with the employer within ninety (90) days that he will pursue his remedy against the negligent third party shall operate as an election to accept compensation and as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death, and such employer may enforce in his own name, or the name of the workman, the liability of such other party for their benefit as their interests may appear."

A 1938 amendment (Laws 1938, ch. 50, § 1) permitted recovery for both damages and workmen's compensation. All of the acts provided some form of equitable adjustment between the workman and the employer in case of recovery of damages against a negligent third party, and subsequent amendments have dealt primarily with this subject, that is, subrogation of rights and the extent thereof, resulting in our present statute.

The proviso stating a right in some form to recover damages "under circumstances creating a legal liability against some person other than the employer" has been in our act since its inception. The right existed at common law (and in the case of death, by statute) prior to the enactment of any workmen's compensation laws. The 1911 act preserved it but expressly denied the right to recover both damages and the newly created workmen's compensation. The 1927 amendment again stated the common law (and statutory) right to damages but required an election of remedies as between it and the right to workmen's compensation and further provided that certain action or inaction should be construed to constitute such election. The 1938 and all subsequent amendments have carefully preserved the common law (and statutory) right of damages, permitting its recovery and that of workmen's compensation at the same time.

From this history we can see there has never been any complete abrogation of previously existent rights against a negligent third party other than an employer. Rather there has been a statutory recognition and preservation of those rights with certain varying abridgments where compensation might also be recovered.

These are rights which may be asserted against "some person other than the employer." Is a co-employee such a person? Appellant argues he should not be so considered, contending that the

whole concept of the act was to place the burden of compensation for accidents to employees upon the employer and that it should not in any instance be placed on an individual co-employee. Appellant frankly concedes in his brief he seeks an interpretation which does not specifically exist in the terminology of the statute.

In our opinion appellant's contention cannot be sustained. A general rule of construction of statutes is that words in common use are to be given their natural and ordinary meaning (50 Am. Jur., Statutes, § 238; K. S. A. 77-201, *Second*. The word *employer* has a definite and precise meaning in common use so well known the legislature did not define it in the compensation act other than to refer to legal entities which the term might include (K. S. A. 44-508 [*h*]). Resort to the plain language of the statute compels the conclusion the legislature did not mean to include an *employee* when it used the term *employer*. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning the court has no right to look for or impose another meaning. Plain and obvious expressions of legislative intent must control and where it clearly appears we need not search for reasons which may have prompted such intent. As applied to the instant case we feel there should be no departure from the natural meaning of the word used on account of consequences or public policy nor even what the court might deem to be the better policy with respect to employee versus employee suits. These are matters for the legislature.

This conclusion is supported by our prior decisions construing the act. It has been repeatedly stated that the rights and duties under the act are contractual in nature. In *Davis v. Reed,* 188 Kan. 159, 360 P. 2d 847, it was said:

"The workmen's compensation act fixes the liability of an employer to his employee where both parties are under the act, and this liability is founded upon the contract of employment and the statute. The liability in no sense depends upon tort. It is a liability growing out of contract, the terms of the statute being embodied in the contract. As between the employer and the employee the remedy provided by the workmen's compensation act is exclusive. The act does not attempt in any way to determine the rights or liabilities of the employee in respect to a person not his employer. It does not take away from an employee his common law right of action for injury to the person against one, not his employer, who by negligence has caused the injury. (*Moeser v. Shunk,* 116 Kan. 247, 226 Pac. 784; and see, 58 Am. Jur., Workmen's Compensation, § 60, p. 616; and 106 A. L. R. 1040, 1041.)" (p. 163.)

The contract is between the employer and the injured employee. Their general obligations with respect to recovery and liability are

expressed in K. S. A. 44-501. The obligation purports only to cover the employer and the employee, each giving up and each receiving certain rights. There is no contractual relationship between an employee and his fellow employee and under no circumstances is the latter liable for compensation. Nor is there any reason why the existence of a contractual relation between an injured employee and his employer should have anything to do with the right of the injured employee to recover from a fellow employee causing the injury, absent legislative expression. We are cited to nothing in the act from which it can be necessarily inferred that the legislature intended to abrogate the common law relationship between co-employees.

In *Rumbaugh v. Vonfeldt,* 190 Kan. 798, 378 P. 2d 5, this court, in commenting upon the question of whether G. S. 1961 Supp., (now K. S. A.) 44-504 authorized an employer who had already been reimbursed for workmen's compensation paid an injured employee to bring a common law third party action for the benefit of the employee during the second year following the injury, had this to say:

"The statute was not intended to destroy any existing rights of the injured employee for the benefit of the wrongdoer." (p. 805.)

The case of *Davison v. Eby Construction Co.,* 169 Kan. 256, 218 P. 2d 219, bears analogy to the instant case in that the injured employee, after receiving workmen's compensation, brought a common law action against a negligent third party who was a subcontractor of the workman's employer on the same job. Much the same argument advanced by appellant here was made in that case. In disposing of it the court said:

"Although there appears to be no case in this state in which an employee of the principal contractor sued the subcontractor for injuries caused by his negligence, such cases have arisen in other states having statutes similar to our own, in which the plaintiff was permitted to recover. [Citations.]

"Indeed, there are a number of cases in which plaintiff has maintained a common-law action for damages against his fellow-employee or his foreman, but we shall not take time to go into those.

"We think the question presented is governed by the plain language of our statute, which need not be again quoted. If the injury for which damages are sought is caused by someone other than the employer of the workman, the common-law action may be maintained." (p. 263.)

We note that the immunity for co-employees appellant seeks here by judicial interpretation has been established by specific legislation in a number of states. Varying phraseology is used specifically

naming and making immune those in the general category of co-employees. Indeed some such amending statutes have been enacted after courts in those states refused to extend the concept of employer immunity to include co-employees.

In the overwhelming majority of cases arising under statutes similar to ours in other states the courts have held that immunity to common law suit is extended only to the employer and therefore an employee may sue his co-employee for the latter's negligence. For a partial list see annotations at 19 A. L. R. 793; 67 A. L. R. 276; 106 A. L. R. 1059; see also, *Frantz v. McBee Company*, (Fla.) 77 So. 2d 796; *Vidrine v. Soileau*, (La. App.) 38 So. 2d 77; *Rehn v. Bingaman*, 151 Neb. 196, 36 N. W. 2d 856; *Lacaria, Admr., Appellant v. Hetzel*, 373 Pa. 309, 96 A. 2d 132; *Merchants &c. Cas. Co. v. Tuttle*, 98 N. H. 349, 101 A. 2d 262; *Hagen v. Koerner*, 64 N. J. Super, 580, 166 A. 2d 784; *Singleton v. Bonnesen*, 131 Cal. App. 2d 327, 280 P. 2d 481; *Hockett v. Chapman*, 69 N. M. 324, 366 P. 2d 850. And in *Allman v. Hanley*, 302 F. 2d 559 (5th Cir. 1962), it was held that lacking specific wording which would create co-employee immunity, the exclusive-remedy provisions of the Federal Employees' Compensation Act do not bar a common law action against a co-employee for negligent injuries.

Reasons for the results reached in the foregoing line of cases have been summarized in 2 Larson's Workmen's Compensation Law, § 72.10, pages 171-172, as follows:

". . . reference to the plain language of the statute, by the argument that existing rights of action should not be deemed destroyed in the absence of clear language, by calling upon the moral principle that a tortfeasor should not be relieved of the consequences of his own wrongdoing, and by stressing the danger to workmen themselves of a doctrine that persons engaged in dangerous occupations should be immune from the consequences of their negligence."

We hold that a co-employee is to be considered as some person other than the employer as contemplated in K. S. A. 44-504, and that the heirs of a deceased employee who was within the workmen's compensation act may maintain a wrongful death action against a negligent co-employee causing the death.

By way of cross-appeal appellees complain of the trial court's order overruling their motion for new trial on the issue of damages only because of inadequacy of the verdict and misconduct of appellant's counsel in his argument to the jury.

The general rule is that inadequacy of damages constitutes a ground for the granting of a new trial when a verdict is so inadequate as to indicate passion and prejudice (*Henderson v. Kansas Power & Light Co.*, 188 Kan. 283, 362 P. 2d 60).

Also pertinent is the rule that the granting or denial of a motion for new trial is reviewable only to determine whether the trial court abused its discretion in making the order (See cases cited in 1 Hatcher's Kansas Digest, rev. ed., Appeal & Error, § 458; 2 West's Kansas Digest, Appeal & Error, § 977 [1]).

Turning first to the question of inadequacy of the verdict, standing alone, the record reveals the following: Decedent, single, twenty years of age, earning about $350.00 per month, lived with his parents at the time of his death and had lived with them most of his life except when he was away at school. Aside from the fact of death and kinship, the record contains nothing more, either evidence or inference, concerning pecuniary loss, or anything at all concerning the decedent or his parents. Upon this state of the record the jury was largely left to its own devices as to the amount of the verdict. We recognize that the loss recoverable is not to be limited to pecuniary loss, some specific elements thereof being as set forth in K. S. A. 60-1904. Due to the intangible nature thereof no definite and precise rule can be applied and the matter of assessment of damages in a case such as this must necessarily be left to the judgment and common experience of the jury, to be guided by the facts and circumstances. That must be the import of the legislative mandate on the subject (K. S. A. 60-1903) which provides:

"In any such action, the court or jury may award such damages as are found to be fair and just under all the facts and circumstances. . . ."

Hence we cannot say that the verdict, standing alone, was so inadequate as to indicate passion and prejudice on the part of the jury.

In his argument to the jury appellant's counsel stated:

"Ladies and Gentlemen, this is probably one of the hardest cases that I have ever had to try. A death case always is. I have great compassion for Mr. and Mrs. Roda and I know them, and yet I am on the other side of the case. Money will not bring the boy back, and I am sorry that he is dead and I am sure you are too. It is a tragic loss; it is an accident that we wish hadn't happened, but did. One boy is gone, and we can't bring him back. But, ladies and gentlemen, you have the power in your hands to destroy another life, and that is the life of this defendant. If you award $25,000 damages

against this boy, you're going to bankrupt him; you're going to destroy his life, his wife, his family's life. Think about that when you are back there in the jury room. I am not trying to minimize the death of the decedent, not one little bit."

This argument, not being on the law and the evidence in the case, went beyond the scope of legitimacy, was improper and should not have been made. Appellees argue this must necessarily have contributed to the amount of the verdict. From the cold printed record it is difficult, if not impossible, to assess the impact of improper jury argument in every case. This is best left to the trial judge in the first instance who is in position to take immediate corrective action. Moreover, in this case no objection was made to the argument until upon motion for new trial.

The trial court should, of course, of its own motion without waiting for objection from opposing counsel protect litigants from misconduct of counsel, particularly where the misconduct is so prejudicial that it must influence the jury. If the court fails to act of its own motion, then an objection should be made and a ruling thereon had in order to take advantage of the error in such improper conduct (88 C. J. S., Trial, § 196 b). Such misconduct may be waived by failure to object (88 C. J. S., Trial, § 196 e). This rule has been applied by this court. (*Martin v. National Mutual Casualty Co.*, 169 Kan. 110, 217 P. 2d 1055; *State v. Bonomo*, 173 Kan. 675, 250 P. 2d 833; *State v. Latham & York*, 190 Kan. 411, 375 P. 2d 788.)

We have considered the record with these principles in mind. We are unable to say that prejudice resulted or was shown in the amount of the verdict, and in view of the failure to object to the improper remarks of appellant's counsel when made we think abuse of discretion is not shown. The judgment and orders of the trial court are affirmed.

APPROVED BY THE COURT.