No. 44,282

Lois E. Tully, Individually, and Kelley Lynne Tully, John Jay Tully and Jeffrey Louis Tully, by Lois E. Tully, Their Guardian, *Appellants*, v. The Estate of Terry G. Gardner, Deceased, Donald L. Gray and Keith M. Gray; and Moss Leasing Company, Inc., *Appellees*, and Aetna Casualty and Surety Company, Inc., A Corporation, *Intervenor*.

(409 P. 2d 782)

Opinion filed January 22, 1966.

*Frank M. Rice*, of Topeka, argued the cause, and *Howard A. Jones* and *William E. Haney*, both of Topeka, were with him on the brief for the appellants.

*J. H. Eschmann*, of Topeka, argued the cause, and *L. M. Ascough* and *J. A. Bausch*, both of Topeka, were with him on the brief for the appellee, The Estate of Terry G. Gardner, Deceased.

*J. Eugene Balloun*, of Great Bend, and *Herbert A. Marshall*, of Topeka, were on the brief for the appellees, Donald L. Gray and Keith M. Gray.

*Donald Patterson*, of Topeka, was on the brief for the appellee, Moss Leasing Company, Inc.

*Peter F. Caldwell*, of Topeka, was on the brief for the intervenor, Aetna Casualty and Surety Company, Inc., a corporation.

The opinion of the court was delivered by

Fontron, J.: This is an action brought by the surviving widow and children of Gerald L. Tully to recover damages for Tully's death which allegedly resulted from the joint negligence of Terry G. Gardner (now deceased), Donald L. Gray and the Moss Leasing Company, Inc.

The basic issue raised in this appeal is whether the heirs of a deceased employee can maintain a wrongful death action against

the estate of a negligent fellow-employee, when both employees were subject to the provisions of the Workmen's Compensation Act.

The controlling facts are not in dispute. At the time of his death, the deceased employee, Gerald L. Tully, was employed by the Fleming Company, Inc. On October 15, 1962, Tully was riding with and at the direction of his immediate supervisor, Terry G. Gardner, also employed by Fleming, and both men were engaging in the business of their common employer, Fleming. Near Great Bend, Kansas, a collision occurred between the car driven by Gardner and a truck being driven by Donald L. Gray, as a consequence of which both Tully and Gardner were killed.

Tully's dependents were awarded compensation under the Workmen's Compensation Act and thereafter filed this action for damages against both the Terry G. Gardner estate and Donald C. Gray. Also named defendants were Donald's father and the Moss Leasing Company, owner of the car which Gardner was driving. Fleming's insurance carrier, Aetna Casualty and Surety Company, Inc., was later permitted to intervene. Neither Moss, Aetna, nor the Grays have appeared in this appeal and we are not concerned with them at this time.

Terry G. Gardner's estate filed a motion for judgment on the pleadings, which the trial court sustained for lack of jurisdiction, and the plaintiffs have appealed from that judgment. For convenience, the appellants will be referred to hereafter as plaintiffs, and the appellee estate, as Gardner. The trial court's ruling was premised on the assumption that an employee, or his heirs, cannot maintain an action for damages against a fellow-employee when their common employer has fulfilled his obligation to the injured employee, or his dependents, under the Workmen's Compensation Act.

Essentially, the same question was before this court in the recent case of *Roda v. Williams*, 195 Kan. 507, 407 P. 2d 471, where we upheld the right of the heirs of a deceased workman to recover damages from a negligent co-employee causing the death, even though compensation had been paid by the common employer. In all fairness, it should be pointed out that the trial court did not have the benefit of the Roda decision when it ruled on Gardner's motion for judgment, nor did counsel when they prepared and filed their briefs.

While Gardner's counsel, on oral argument, acknowledged the precedent set by Roda, we were urged to re-examine the position

we took in that case. We have, therefore, reviewed that decision and remain convinced that the conclusion reached therein was the only one possible under our present statute, K. S. A. 44-504, the controlling portion of which reads:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person *other than the employer* to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against *such other person.*" (Emphasis supplied.)

As we pointed out in Roda, the term *employer* has a precise and well-defined meaning, as the same is used in common parlance, and we do not feel free to ascribe to the word a wholly different or strained signification. The opinion in that case traces the historical background and development of the statute, points out the reciprocal rights and obligations of employer and employee under the Workmen's Compensation Act, and discusses numerous authorities supporting the view we adopted. We recommend the study of that opinion to the reader who is interested.

We think that further analysis of Roda in the present case would serve no useful or beneficial function. The reasoning which underlies that decision is capably presented in the opinion and, in our view, is sound. It is sufficient to say here that we believe a co-employee is not an employer within the purview of K. S. A. 44-504 and, consequently, is not immune from liability to a fellow worker whom he has negligently injured.

However, counsel for the appellee, Gardner, strenuously insist that a supervisor is not an employee, but that he stands in the shoes of the employer, thus becoming, for purposes of the act, the employer himself. The trial court, in apparent agreement with this line of argument, designated Terry G. Gardner as a vice-principal, or co-principal, of Fleming.

We cannot agree with the rationale of this argument. While a supervisor for a corporate employer, such as Fleming, may have responsibilities in overseeing and directing the work done by other employees of the company, he does not thereby become an employer himself, but remains simply an employee and acts in such capacity only. He is as much an employee as the employees whom he directs. In our judgment, there is no similarity, so far as legal status under 44-504, *supra*, is concerned, between a supervisory employee and an employer.

The predominant view does not distinguish between a co-employee who occupies a supervisory position and one who has not achieved a status of such prominence. A few cases will suffice to illustrate the point: *Gardner v. Stout*, 342 Mo. 1206, 119 S. W. 2d 790, involved the foreman in a flour mill; *Ellis v. Garwood*, 168 Ohio St. 241, 152 N. E. 2d 100, was an action against the head of an engineering section; *Webster v. Stewart*, 210 Mich. 13, 177 N. W. 230, was a case where suit was against a corporate vice-president; and in *Churchill v. Stephens*, 91 N. J. L. 195, 102 Atl. 657, a shop foreman was sued.

Although we find no case in this jurisdiction squarely in point, this court, in passing on a somewhat analagous situation, had this to say in *Davison v. Eby Construction Co.*, 169 Kan. 256, 218 P. 2d 219:

"Indeed, there are a number of cases in which plaintiff has maintained a common-law action for damages against his fellow-employee or his foreman, but we shall not take time to go into those." (p. 263.)

In support of his contention that a third party action cannot be maintained against supervisory personnel, Gardner relies strongly on *Duncan v. Perry Packing Co.*, 162 Kan. 79, 174 P. 2d 78. We think his trust is ill-founded. Although supervisory employees were named with their employer as defendants, their personal liability was not an issue in the Duncan case. In defining the issue presented on that appeal the court said:

". . . The controlling question is whether the injury was a 'personal injury by accident arising out of and in the course of employment' within the meaning of the workmen's compensation act (G. S. 1935, 44-501.)" (p. 80.)

The court answered this question in the affirmative, and held:

"If an employee's injury is compensable under the workmen's compensation act, a common-law action to recover damages for the injury will not lie against his *employer*." (Syl. ¶ 2.) (Emphasis supplied.)

From the foregoing, it is clear that the court did not equate a supervisor, or foreman, with an employer, and the Duncan case provides no authority in support of Gardner's position.

Gardner's attorneys assert that if suits of this character are permitted against co-employees, certain consequences will result which they brand as being socially undesirable. The matters to which they make reference embrace questions of public policy which properly should be addressed to the legislative branch of government for its consideration.

Before concluding, we feel it proper to note that the trial court sustained a motion filed by the Grays for a change of venue and

ordered this case transferred to Barton County for trial. While the plaintiffs included such ruling in their notice of appeal and specified the same as error, they did not brief this point and stated, on oral argument, that they did not intend to press the same. Consequently, we are not called upon to decide, in this opinion, whether the court was correct in changing the venue.

For the reasons heretofore set out, we adhere to our decision in *Roda v. Williams*, supra. The judgment of the court below is reversed, and this case is remanded with directions to proceed in accordance with the views expressed herein.