No. 45,003

Merle R. Henre, *Appellant,* v. The Board of Education of the City of Kansas City of the State of Kansas, *Appellee.*

(440 P. 2d 606)

Opinion filed May 11, 1968.

*Chas. F. Burkin, Jr.,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Robert H. Foerschler,* of Kansas City, argued the cause, and *Willard L. Phillips, Patrick B. McAnany, Thomas M. Van Cleave, Jr., James J. Lysaught, John J. Jurcyk, Jr., Bill E. Fabian, Robert E. Fabian,* and *Robert D. Benham,* of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This is a declaratory judgment action brought by the plaintiff (appellant), Merle R. Henre, against the defendant (appellee), Board of Education of Kansas City, to determine the propriety of the defendant's reducing annuity payments due the plaintiff under the public school employees' retirement act (G. S. 1949 [now K. S. A.] 72-1758, *et seq.*).

The actual controversy between the parties is whether or not 72-1759a (L. 1955, ch. 317, § 2), relating to the reduction of monthly payments of annuity to employees by reason of their eligibility for social security benefits, is applicable to the plaintiff. The statute provided in part as follows:

"If school employees subject to this act become subject also to the old-age and survivors insurance provisions of the federal social security act, as amended, monthly payments of annuity as otherwise provided herein to employees retiring

subsequent to the first salary or wage deduction for social security tax shall be reduced by the monthly primary insurance amount of social security benefits, . . . to which the annuitant is eligible at the time of his retirement or on his attaining the minimum age required for old-age payments under social security, whichever is the later: *Provided,* That amount of such reduction shall not be greater than one-half (½) the monthly annuity payments as provided herein. . . ."

The stipulated facts are as follows:

Plaintiff was employed by the defendant from September 1923 until October 1953, including military service during World War II and the Korean conflict. During his active employment, as well as his leaves of absence, the assessments for the retirement fund, as required by statute, were paid by the plaintiff, and likewise, the defendant contributed its share. (G. S. 1949 [now K. S. A.] 72-1759 and 72-1764a.)

In September 1953, at the age of fifty-four, and after twenty-nine years of creditable school service for retirement purposes, the plaintiff resigned and took another position. Rather than demand the refund of one-half of his accumulated contributions, the plaintiff exercised his option under G. S. 1949 [now K. S. A. 1967 Supp.] 72-1764 to leave these contributions on deposit in the retirement fund. On October 5, the plaintiff filed an instrument entitled "Election of Deferred Annuity Option" wherein he designated September 1 as the effective date of his resignation. The "Election" was received, acknowledged and approved by the defendant on November 2. During plaintiff's subsequent employment, deductions for federal social security tax were made from his salary.

In 1955, almost two years after plaintiff's resignation from school service, 72-1759a quoted above was enacted by the legislature. Plaintiff became sixty years of age on September 26, 1959, and on September 17, 1960, made application for retirement annuity. Defendant approved plaintiff's application and thereafter made monthly payments to him in the sum of $158.69. In October 1961, upon plaintiff's reaching the minimum age of eligibility for social security benefits, the defendant, relying on the provisions of 72-1759a, reduced the monthly annuity payments to $79.35.

The lower court found the statute applicable to plaintiff's case, and the deduction, as it had been made by the defendant, was proper, and accordingly entered judgment for the defendant. The plaintiff has appealed.

A primary rule in construing a statute is to determine from its language the intent of the legislature. (*Hand v. Board of Education,*

198 Kan. 460, 426 P. 2d 124.) Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, the court has no right to look for and impose another meaning. Plain and obvious expressions of legislative intent must control. (*Roda v. Williams,* 195 Kan. 507, 407 P. 2d 471.)

Under the terms of the "Election of Deferred Annuity Option," the plaintiff resigned his position as director of health, physical education and safety in the public schools effective Septmber 1, 1953, and stated he was permanently leaving defendant's employment. The statute (G. S. 1955 Supp., 72-1759a), which became effective June 30, 1955, by its express language, applied to "school employees subject to this act" who "become subject also to the old-age and survivors insurance provisions of the federal social security act." "School employee" is defined in G. S. 1949 [now K. S. A.] 72-1758a as any person regularly employed and paid out of public funds to perform services for the school district. After plaintiff's resignation he ceased to be, within the statutory definition, a "school employee."

Defendant makes a point that the term "school employee" is found in other parts of the act, particularly in 72-1764, and clearly refers to persons not within the literal definition found in 72-1758a. From this, the argument is made that "school employees" as used in 72-1759a is not restricted to those persons defined by statute but includes former employees, such as the plaintiff, who have exercised their deferred annuity option. The fallacy of defendant's position is that the provisions of 72-1758a demand adherence to a statutory definition except where a different meaning is plainly required by the context of a section of the act. True, there are instances in 72-1764 where "school employee" must be given other than the statutory meaning because of the obvious purpose of the provision in which the term is used. There is nothing, however, in 72-1759a which, in our opinion, requires deviation from the statutory definition. Had the legislature intended the statute to apply to persons in plaintiff's situation, it could have easily said so.

We hold that the plaintiff was not a "school employee" at the time 72-1759a became effective and, therefore, is not subject to the reduction provisions of the statute.

The judgment of the district court is reversed.