(659 P.2d 833)
No. 54,593

WILLIAM L. WELLS, *Appellant*, v. THOMAS D. ANDERSON, *Appellee*.

Opinion filed March 10, 1983.

W. *Irving Shaw* of Krueger & Shaw, of Emporia, for the appellant.

*John A. Bausch* of Ascough, Bausch, Eschmann, P.A., of Topeka, for the appellee.

Before REES, P.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an appeal by plaintiff from summary judgment entered on the ground that his claim was barred by the exclusive remedy provision of the Workmen's Compensation Act, K.S.A. 44-501 and K.S.A. 44-504(*a*).

This issue arises from an accident which occurred November 29, 1979, at the S & S Service Center, an Emporia, Kansas, truck stop. Both plaintiff and defendant were S & S employees. Plaintiff was a part-time employee whose work generally kept him in the service bay area at the back of the station. Defendant was a full-time employee. Most of his duties were confined to the front of the station although on occasion he would change or repair tires in the service bay area.

During the evening of November 29, both men were working and were the only employees on duty. Defendant drove his own vehicle into the service bay and parked facing a truck that was there for servicing. He spent some twenty minutes changing the anti-freeze in his vehicle, a Toyota. During this time he alternated between tending his vehicle and pumping gas out front. Plaintiff performed the work on the truck and, after finishing, he and the truck driver stood between the two vehicles. Defendant had just finished filling the radiator of his Toyota with anti-freeze when he reached inside and turned on the ignition, and the

vehicle, being in gear, started and moved forward. Plaintiff and the truck driver were pinned between the two vehicles.

It is argued the employer's official policy was to forbid employees working on their own vehicles on company time. However, neither plaintiff nor defendant had been informed of this policy and both of them, together with the manager, testified it was the custom and practice of S & S employees to work on their own vehicles while on duty as long as it did not interfere with company business. Defendant stated when he was working on his Toyota in the service bay he could not always see what was going on at the front of the station.

Plaintiff was awarded workmen's compensation benefits. After completion of discovery, defendant moved for summary judgment on the ground that plaintiff's claim was barred by the exclusive remedy provision of the Workmen's Compensation Act. That motion was sustained.

K.S.A. 44-501 provides in part:

"Except as provided in the workmen's compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder . . . ."

K.S.A. 44-504(*a*) provides:

"When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person."

Defendant argues his status as a co-employee with plaintiff conclusively bars the action under a literal interpretation of the statutes. Plaintiff argues the exclusive remedy provision does not apply because defendant was not acting within the course and scope of his employment at the time of the accident.

The exclusive remedy provision was applied in *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, 314, 564 P.2d 521 (1977), where it was stated:

"K.S.A. 44-501, commonly referred to as the exclusive remedy provision of the workmen's compensation act, provides that no employer or other employee of such employer shall be liable for any injury for which compensation is recoverable under the workmen's compensation act. Under this statute the well established rule is that if a workman can recover benefits from an employer under the workmen's compensation act for an injury, he cannot maintain a common-law

action against that employer for damages based on a theory of negligence. . . . This exclusive remedy provision also bars a common-law action against another employee of such an employer."

In *Fugit*, however, the individual defendant, a test pilot employed by Beechcraft, was clearly acting within the course and scope of his employment.

Literally interpreted, the exclusive remedy provision would bar all suits against co-employees for injuries compensable under the Act. This literal interpretation is too broad. In *Helmic v. Paine*, 369 Mich. 114, 119 N.W.2d 574 (1963), the court construed a similar statute and rejected a literal interpretation under which mere co-employee status would serve as a bar to liability, noting:

"Suppose one employee is engaged in his employer's business at some distance from his employer's premises; if he is injured by a coemployee who is on vacation, could it be seriously contested that a tort action could not be maintained? The legislature intended no such result." 369 Mich. at 119.

It is a general rule that statutes should be construed to avoid unreasonable results. *Williams v. Board of Education*, 198 Kan. 115, 125, 422 P.2d 874 (1967). We conclude that mere co-employee status is not sufficient for immunity. There must be some connection between the defendant's acts and his employment for immunity to attach.

Other jurisdictions have developed different tests for co-employee immunity. See 2A Larson, Workmen's Compensation Law § 72.23; Annot., 21 A.L.R.3d 845. Several states have held that a negligent co-employee is immune only if the employer would have been liable under the doctrine of respondeat superior. See, *e.g.*, *Molino v. Asher*, 95 Nev. 33, 588 P.2d 1033 (1979); *Ward v. Wright*, 490 S.W.2d 223 (Tex. Civ. App. 1973).

Other states have adopted a test based on principles of workmen's compensation law. See 2A Larson, Workmen's Compensation Law § 72.23. The trial court adopted this test, citing *Konitch v. Hartung*, 81 N.J. Super. 376, 195 A.2d 649 (1963). In *Konitch*, the plaintiff was injured in the company parking lot by defendant, who had just arrived at work. The New Jersey statute provided:

" 'If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death

for any act or omission occurring while such person was *in the same employ* as the person injured or killed, except for intentional wrong.' " 81 N.J. Super. at 378.

That court held co-employees acting in the course of their employment are immune.

In *Jackson v. Hutchinson,* 453 S.W.2d 269 (Ky. 1970), the defendant co-employee injured the plaintiff on the company parking lot. There it was held that the "test of fellow-employee immunity is whether each of the employees involved would have been entitled to workmen's compensation benefits for any disabling injury suffered in the accident." 453 S.W.2d at 270. Considered in this manner, a co-employee is immune only if the accident arose out of and in the course of his employment. See *Helmic v. Paine,* 369 Mich. 114; *DeLong v. Miller,* 285 Pa. Super. 120, 426 A.2d 1171 (1981).

We believe the better test is that a co-employee is immune only if he would have been entitled to receive compensation had he been injured in the same accident. Under this test, summary judgment was not proper for judgment should not have been granted unless the record revealed there were no genuine issues of material fact remaining. *Mitchelson v. Travelers Ins. Co.,* 229 Kan. 567, 629 P.2d 143 (1981). See also *Ebert v. Mussett,* 214 Kan. 62, 519 P.2d 687 (1974).

This record does not conclusively establish whether, if defendant had been injured in the same accident, his injuries would be deemed to have arisen out of and in the course of his employment as those terms are defined in *Orr v. Holiday Inns, Inc.,* 6 Kan. App. 2d 335, 339, 627 P.2d 1193, *aff'd* 230 Kan. 271, 643 P.2d 1067 (1981). However, an accident which occurs while an employee is not actually performing his job may nonetheless arise out of and in the course of employment. See *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 211 P.2d 89 (1949). On the other hand, if an employee is performing work which has been forbidden, as distinguished from doing his work in a forbidden manner, he is not acting in the course of his employment. *Hoover v. Ehrsam Company,* 218 Kan. 662, 544 P.2d 1366 (1976).

In this case the record does not conclusively establish the employer permitted employees to work on their own vehicles to the extent defendant was working on his Toyota. The station manager testified such would not be permitted if it took more

than one or two minutes, at least, "Not if he got caught doing it." Defendant estimated it took him approximately twenty minutes to change the anti-freeze in his Toyota. He waited on customers during that time, but conceded that when he was in the service bay he could not always see what was going on in front. This record leaves unresolved the issues of whether defendant's work on his own vehicle interfered with the duties for which he had been employed so as to fall within the category of forbidden work, or whether it was such as to fall within the accepted custom and practice of his employment. If these factual issues are resolved in plaintiff's favor, his claim would not be barred by K.S.A. 44-501 and 44-504(*a*).

Reversed and remanded.