No. 55,019

KURT K. RAJALA, *Appellant*, v. PHILLIP E. DORESKY, *Appellee.*

(661 P.2d 1251)

Opinion filed April 29, 1983.

*Eric C. Rajala,* of Callen, Sexton, Rajala & Shelor, of Kansas City, argued the cause and was on the brief for appellant.

*Barry D. Martin,* of Hackler, Londerholm, Corder, Martin & Hackler, Chartered, of Olathe, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Plaintiff Kurt K. Rajala was injured when he was intentionally struck by a fellow employee, defendant Phillip E. Doresky. The trial court entered summary judgment in favor of defendant on the basis plaintiff's exclusive remedy was under the Workmen's Compensation Act (K.S.A. 44-501 *et seq.*). Plaintiff appeals therefrom.

Before proceeding further the following should be noted. The facts are not in dispute. The parties were both employees of the Welcome Home Restaurant in Johnson County on August 10, 1981, and were on the job when defendant attacked plaintiff. Following the incident, plaintiff made claim for and received workers' compensation benefits. Thereafter plaintiff filed this personal injury action against defendant.

Plaintiff concedes this action is barred by K.S.A. 44-501 and K.S.A. 44-504(*a*), reproduced in pertinent part as follows:

44-501. "Except as provided in the workmen's compensation act, no employer, *or other employee of such employer,* shall be liable for *any injury* for which compensation is recoverable thereunder nor shall an employer be liable to any

third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workmen's compensation is payable by such employer." (Emphasis supplied.)

44-504(*a*). "(*a*) When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer *or any person in the same employ* to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person." (Emphasis supplied.)

The two issues on appeal relate solely to the validity of the two statutes.

### Issue No. 1.

ARE K.S.A. 44-501 AND 44-504(*a*), WHICH PRECLUDE CIVIL DAM-AGE ACTIONS BY AN EMPLOYEE AGAINST A FELLOW EMPLOYEE FOR INJURIES SUSTAINED DURING THE COURSE OF EMPLOY-MENT, VIOLATIVE OF THE KANSAS CONST. BILL OF RIGHTS, § 18?

Section 18 of the Kansas Bill of Rights states:

"Justice without delay. All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

In *Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193, *aff'd on rehearing* 93 Kan. 257, 144 Pac. 249 (1914), the Workmen's Compensation Act was challenged on the ground the exclusivity of the remedy provisions were violative of the Kansas Const. Bill of Rights, § 18. As noted in *Boyd v. Barton Transfer & Storage*, 2 Kan. App. 2d 425, 429, 580 P.2d 1366, *rev. denied* 225 Kan. 843 (1978), the Supreme Court in *Shade* upheld the act on the basis workers' compensation coverage was optional. The Kansas Court of Appeals in *Boyd* held:

"K.S.A. 44-501, providing that no employer or other employee of such employer shall be liable for any injury for which compensation is recoverable under the Workmen's Compensation Act, is not unconstitutional because coverage is compulsory." Syl. ¶ 4.

It is true immunity of a fellow employee was not at issue in either *Shade* or *Boyd*. In fact, fellow employee immunity did not become a part of the Workmen's Compensation Act until 1967. However, we do not view this as significant. The Workmen's Compensation Act removes certain common law remedies for injured employees but provides a statutory substitute therefor. This is basically a matter of public policy which will be discussed in the next issue.

We conclude K.S.A. 44-501 and 44-504(*a*), which preclude a person from maintaining a civil damage action against a fellow employee for any injury for which compensation is recoverable under the Workmen's Compensation Act (K.S.A. 44-501 *et seq.*), are not violative of the Kansas Const. Bill of Rights, § 18.

Issue No. 2.

DOES THE FELLOW EMPLOYEE IMMUNITY OF K.S.A. 44-501 and 44-504(*a*) VIOLATE PUBLIC POLICY?

In *Tully v. Estate of Gardner,* 196 Kan. 137, 409 P.2d 782 (1966), this court held the heirs of a deceased employee could maintain a wrongful death action against a fellow employee under K.S.A. 44-504 as it then existed, reproduced in pertinent part as follows:

"'When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against *some person other than the employer* to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against *such other person.*'" 196 Kan. at 139. (Emphasis in original.)

In so holding, this court commented:

"Gardner's attorneys assert that if suits of this character are permitted against co-employees, certain consequences will result which they brand as being socially undesirable. The matters to which they make reference embrace questions of public policy which properly should be addressed to the legislative branch of government for its consideration." 196 Kan. at 140.

At the next regular session of the legislature (1967), this issue was addressed and K.S.A. 44-501 and 44-504 were amended to extend immunity from civil liability to fellow employees. We note the 1967 modifications of the Workmen's Compensation Act followed considerable compromise by employers, insurance carriers and employee groups before they unanimously supported the new law. See House J. 1967, p. 360, comment of Rep. Payne Ratner, Jr.

Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Brinkmeyer v. City of Wichita,* 223 Kan. 393, 573 P.2d 1044 (1978). Creditable arguments may be made on each side of the question of whether a fellow employee should be immunized from civil liability for intentional torts.

The Kansas Legislature has determined the better public policy is to preclude a person from maintaining a civil damage action against a fellow employee for any injury for which com-

pensation is recoverable under the Workmen's Compensation Act (K.S.A. 44-501 *et seq.*). It is not the prerogative of this court to modify such legislative determination by judicially carving out an exception for intentional torts.

The judgment is affirmed.