No. 94,265

BONNIE JEAN BRUNGARDT SCOTT, Surviving Spouse of JEFFREY WADE SCOTT, and the ESTATE OF JEFFREY WADE SCOTT, by and through its ADMINISTRATOR, BONNIE JEAN BRUNGARDT SCOTT, *Appellees*, v. CHRISTOPHER HUGHES, *Appellant*.

(132 P.3d 889)

Opinion filed April 28, 2006.

*William L. Townsley, III*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, argued the cause, and *Lyndon W. Vix*, of the same firm, was with him on the briefs for appellant.

*Scott J. Mann*, of Mann Law Offices, of Hutchinson, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: This interlocutory appeal in a wrongful death and survival action requires us to address potential limits on the exclusive remedy and tandem fellow servant doctrines of workers compensation law.

Jeffrey Wade Scott, an employee of Duke Drilling, Inc., was killed in a single-vehicle accident while he and others were being driven to a job site. The driver was defendant coworker Christopher Hughes; it was alleged that Hughes was under the influence of alcohol or drugs at the time of the accident.

Plaintiff Bonnie Jean Brungardt Scott, Scott's common-law widow, received $185,000 in a workers compensation settlement and then filed this wrongful death and survival action against Hughes. Hughes moved for summary judgment, contending the workers compensation exclusive remedy and fellow servant doctrines barred any civil suit for damages. Brungardt Scott also moved for summary judgment, arguing Hughes' intoxication would make him ineligible for workers compensation benefits and thus ineligible for immunity under the exclusive remedy and fellow servant doctrines codified in K.S.A. 44-501(b). The district court denied Hughes' motion and granted partial summary judgment in favor of Brungardt Scott on her motion, citing K.S.A. 44-501(d)(2) and ruling that Hughes would be unable to recover workers compensation benefits because he had been under the influence of alcohol or drugs when the accident occurred.

As a result of the accident and Scott's death, criminal charges were filed against Hughes. They included involuntary manslaughter while driving under the influence of alcohol or drugs, contrary to K.S.A. 2005 Supp. 21-3442; possession of methamphetamine, contrary to K.S.A. 65-4160; and possession of marijuana, contrary to K.S.A. 65-4162(a)(3). Hughes eventually entered a no contest plea to possession of methamphetamine and vehicular homicide, contrary to K.S.A. 21-3405.

For purposes of his summary judgment motion alone, Hughes acquiesced in the presumption that he was driving the vehicle and was under the influence at the time of the accident. However, at

the time of the district court's ruling, the factual issue of Hughes' alcohol or drug use remained contested in the wrongful death and survival action generally and the workers compensation proceeding focused on whether Hughes would be entitled to recover benefits for injuries he suffered in the accident. Hughes' workers compensation proceeding was still pending at the time of oral argument before this court.

We must decide whether the district court erred by: (1) denying summary judgment in favor of Hughes on the immunity issue and (2) granting partial summary judgment in favor of Brungardt Scott on Hughes' intoxication and its effect on his ability to recover workers compensation benefits for his own injuries.

*Standard of Review*

" 'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied.' [Citations omitted.]" *State ex rel. Stovall v. Reliance Ins. Co.*, 278 Kan. 777, 788, 107 P.3d 1219 (2005).

In addition, it is important to note that the potentially dispositive legal question in this appeal is one requiring interpretation of the Workers Compensation Act (Act), K.S.A. 44-501 *et seq.* Statutory interpretation and construction present questions of law over which this court's review is unlimited. See, *e.g., Rose v. Via Christi Health System, Inc.*, 279 Kan. 523, 526, 113 P.3d 241 (2005).

*Denial of Summary Judgment in Favor of Defendant*

Defendant Hughes moved for summary judgment in his favor because he believed himself immune from civil suit under K.S.A.

44-501(b). Our analysis therefore begins with review of the basic statutory scheme of the Act.

K.S.A. 44-501(a) states:

"(a) If in any employment to which the workers compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, the employer shall be liable to pay compensation to the employee in accordance with the provisions of the workers compensation act. In proceedings under the workers compensation act, the burden of proof shall be on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions on which the claimant's right depends. In determining whether the claimant has satisfied this burden of proof, the trier of fact shall consider the whole record."

This portion of the statute defines who is covered by the Act and identifies the injuries compensable under it, *i.e.*, injuries "by accident arising out of and in the course of employment." K.S.A. 44-501(a). The Act is to be

" 'liberally construed for the purpose of bringing employers and employees within the provisions of the act to provide the protections of the workers compensation act to both. The provisions of the workers compensation act shall be applied impartially to both employers and employees in cases arising thereunder.' K.S.A. 44-501(g)." *Neal v. Hy-Vee, Inc.*, 277 Kan. 1, 14, 81 P.3d 425 (2003).

The statute also provides:

"(b) Except as provided in the workers compensation act, *no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act* nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer." (Emphasis added). K.S.A. 44-501(b).

Under this subsection, it is well established that a worker who recovers benefits for an on-the-job injury from an employer under the Act cannot maintain a civil action for damages against the employer or against a fellow employee. The remedy under the Act is exclusive; and both employers and coemployees or fellow servants are immune from civil suit for damages. See, *e.g.*, *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, 314, 564 P.2d 521 (1977).

This contrasts with the Act's allowance of recovery of workers compensation benefits *and* civil damages when the tortfeasor is a third party. See K.S.A. 44-504(a) (when injury or death for which compensation payable under Act caused under circumstances creating legal liability against some person other than employer or fellow employee, injured worker or worker's dependents or personal representatives shall have right to take compensation under Act and pursue civil action against tortfeasor); see also *Loucks v. Gallagher Woodsmall, Inc.*, 272 Kan. 710, 715, 35 P.3d 782 (2001) (subrogation language of K.S.A. 44-504[b] clearly immunizes employers, fellow employees from civil suit if workers compensation paid to injured worker; dual intent to preserve injured workers' claims against third-party tortfeasors, prevent double recoveries by injured workers).

The Act also sets out certain exceptions to employer liability for workers compensation. For example, an employer is not liable to compensate an employee for injuries arising out of the employee's own intentional tortious acts, from the employee's failure to abide by statutes about which the employer gave notice, or from the employee's failure to follow precautionary or procedural rules furnished by the employer. K.S.A. 44-501(d)(1). The exception particularly relevant in this case is that an employer is not liable to pay workers compensation when an employee's alcohol or drug use has a role in causing that employee's injury, disability, or death. K.S.A. 44-501(d)(2) states: "The employer shall not be liable under the workers compensation act where the injury, disability, or death was contributed to by the employee's use or consumption of alcohol or any drugs, chemicals, or any other compounds or substances." See *Foos v. Terminix*, 277 Kan. 687, 693, 89 P.3d 546 (2004); *Poole v. Earp Meat Co.*, 242 Kan. 638, 644-48, 750 P.2d 1000 (1988); *Woodring v. United Sash & Door Co.*, 152 Kan. 413, 417-18, 103 P.2d 837 (1940); *Evans v. Frakes Trucking*, 31 Kan. App. 2d 211, 213-16, 64 P.3d 440 (2002).

From this review of the basic provisions of the Act, it is clear that Duke Drilling was liable on Brungardt Scott's workers compensation claim because Scott's death arose out of and in the course of his employment. It is also clear that, if Hughes' alcohol

or drug use and its role in causing the accident are proved, Duke Drilling will not be liable for workers compensation benefits to Hughes for any injuries he suffered in the accident. Finally, the Act dictates that, if Scott's death had been caused by a third-party tortfeasor rather than a fellow employee, Brungardt Scott would be permitted to seek damages in a civil action against the third party as well as workers compensation benefits from Duke Drilling.

The statutory language is less clear on the situation before us, which falls between the foregoing rules: If alcohol or drug use by Hughes would eliminate Duke Drilling's liability to him for workers compensation benefits, would it also eliminate the coemployee or fellow servant immunity he would normally enjoy under K.S.A. 44-501(b)? Would it place him instead in the position of a third-party tortfeasor subject to this civil suit for damages under K.S.A. 44-504?

Given the absence of an obvious answer in the statutory text, we turn to the circumstances giving rise to the legislature's adoption of the fellow servant doctrine in Kansas and the cases that have interpreted and applied the doctrine thus far.

It appears that this court's decision in *Roda v. Williams*, 195 Kan. 507, 407 P.2d 471 (1965), was at least a partial catalyst for inclusion of the doctrine in the Act. The question in that case was whether the heirs of George Roda, a 20-year-old killed as a result of a coworker's negligence, could maintain a wrongful death action against the coworker. Turning to the version of K.S.A. 44-504 (Corrick) then in effect, which provided only that

"[w]hen the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person *other than the employer* to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person," (emphasis added)

this court allowed the suit against the coworker to proceed. Nothing in the statute undercut the common-law rule that fellow employees owe each other a duty to exercise ordinary care. *Roda*, 195 Kan. at 508.

The following year, this court adhered to its holding in *Roda* when it decided the similar case of *Tully v. Estate of Gardner,* 196 Kan. 137, 409 P.2d 782 (1966). In that case, Gerald L. Tully and coemployees were working for a common employer when the coemployees' negligence caused a car accident resulting in Tully's death. The court held that, although Tully was covered under the Act, his heirs were entitled to maintain a wrongful death action against the coemployees because coemployees were persons "other than the employer" within the purview of K.S.A. 44-504. 196 Kan. at 138-39. In declining to reexamine its position in *Roda,* the court noted that its conclusion "was the only one possible under [the] present statute, K.S.A. 44-504." 196 Kan. at 139. And it suggested that policy arguments to the contrary would be better addressed to the legislative branch. 196 Kan. at 140.

The legislature acted in 1967, amending K.S.A. 44-504 to extend employer immunity based on the doctrine of exclusive remedy of K.S.A. 44-501 to coemployees. The current form of the statute was born; it now allows an injured worker who has received workers compensation benefits to bring a civil action only against "some person other than the employer *or any person in the same employ* . . . ." (Emphasis added.) See L. 1967, ch. 280, sec. 2; K.S.A. 44-504(a).

*Fugit,* 222 Kan. 312, was the first of our cases to apply the new statutory language. In that case, Beechcraft had hired an engineer to conduct flight tests on certain kit planes; the engineer suffered a fatal heart attack during a kit plane flight piloted by an alleged employee of Beechcraft. The engineer's heirs brought a wrongful death suit against the employer and the pilot, alleging the pilot's negligence caused the engineer's death. Much of the court's opinion focused on the question of whether the engineer and the pilot qualified as statutory coemployees under K.S.A. 44-503. Once it was determined that they qualified, this court held that the new language in K.S.A. 44-504 (Weeks) barred the wrongful death suit against both employer Beechcraft and the pilot, a fellow servant of the deceased engineer. *Fugit,* 222 Kan. at 314-16; see also *Rajala v. Doresky,* 233 Kan. 440, 442-43, 661 P.2d 1251 (1983) (strict

fellow servant immunity applied to prevent civil action even for intentional tort).

The appellate case among those coming after *Fugit* that is most helpful to our analysis here is *Wells v. Anderson*, 8 Kan. App. 2d 431, 659 P.2d 833, *rev. denied* 233 Kan. 1093 (1983). Both parties agree that it should be highly influential; they merely differ on the outcome to which its lessons lead.

In *Wells*, the defendant and the plaintiff were the only employees on duty at a gas station/repair shop. The defendant pulled his own truck into the shop and worked on his own vehicle intermittently when he was not pumping gas for customers. At one point, after the defendant had turned on the ignition in his truck while it was in gear, the truck rolled forward and injured the plaintiff. There was evidence that the employer had forbidden employees from working on their own vehicles during company time. But the plaintiff, the defendant, and a shop manager testified that employees routinely violated this rule as long as their work for themselves did not interfere with company business.

The plaintiff received workers compensation benefits, and the district judge granted summary judgment in favor of the defendant in the plaintiff's negligence action, ruling suit was barred because the defendant was protected under K.S.A. 44-501 fellow servant immunity.

A panel of our Court of Appeals reversed and remanded. 8 Kan. App. 2d at 435. It distinguished *Fugit* because the defendant pilot in that case was clearly acting within the scope and course of his employment at the time of the engineer's heart attack. In *Wells*, on the other hand, the panel determined that a strict application of fellow servant immunity would be inappropriate. It drew an analogy to a situation in which an employee, within the scope and course of his or her employment, was injured by a coworker who was on vacation. In that situation, the panel observed, the injured employee's recovery of workers compensation benefits would not bar a civil tort claim against the vacationing tortfeasor. 8 Kan. App. 2d at 433 (citing *Helmic v. Paine*, 369 Mich. 114, 119, 119 N.W.2d 574 [1963]). The panel also looked to contemporary decisions from other jurisdictions for coemployee immunity tests, noting that "the

better test is that a co-employee is immune only if he would have been *entitled to receive compensation had he been injured in the same accident*." (Emphasis added.) 8 Kan. App. 2d at 434. The panel ultimately decided the evidence in the record was inconclusive on whether the defendant was acting within the scope and course of his employment, a genuine issue of material fact precluding summary judgment. It stated:

"This record does not conclusively establish whether, if defendant had been injured in the same accident, his injuries would be deemed to have arisen out of and in the course of his employment . . . [citation omitted]. However, an accident which occurs while an employee is not actually performing his job may nonetheless arise out of and in the course of employment. See *Hilyard v. Lohmann-Johnson Drilling Co.,* 168 Kan. 177, 211 P.2d 89 (1949). On the other hand, if an employee is performing work which has been forbidden, as distinguished from doing his work in a forbidden manner, he is not acting in the course of his employment. *Hoover v. Ehrsam Company,* 218 Kan. 662, 544 P.2d 1366 (1976)." 8 Kan. App. 2d at 434.

A year after *Wells* was decided, this court handed down its opinion in *Blank v. Chawla,* 234 Kan. 975, 678 P.2d 162 (1984). In *Chawla,* the plaintiff employee was injured while walking in the employer's parking lot; he was struck by a coemployee's vehicle while both employees were leaving work. Plaintiff received workers compensation benefits and then brought a negligence action against the coemployee. The district court held that the accident arose out of and in the course of employment under K.S.A. 44-508(f); that plaintiff had received workers compensation benefits; and that summary judgment must be entered against the plaintiff based on the exclusivity of workers compensation as a remedy.

On appeal, this court applied the rule of *Wells.* It determined there was a causal connection between the plaintiff's injury and the employment and that, "[i]f [defendant] had been injured in the accident, there would have been the same causal connection between his injuries and employment as [plaintiff's]." 234 Kan. at 980. It then stated:

"In an action for damages by an injured party against his co-employee in which the exclusive remedy provision of the Workmen's Compensation Act is asserted as a defense, it is held: (1) a co-employee is immune only if he or she would have been entitled to receive workers' compensation had she or he been injured in the

same accident; and (2) since no genuine issues of material fact remain to be resolved, the trial court did not err in granting summary judgment." 234 Kan. at 982.

Two subsequent Court of Appeals cases also have invoked the *Wells* rule. In each, the panel reached the conclusion that the plaintiff's negligence action was barred because the defendant coemployee was acting within the scope and course of his or her employment at the time plaintiff was hurt. See *Servantez v. Shelton*, 32 Kan. App. 2d 305, 311-12, 81 P.3d 1263, *rev. denied* 277 Kan. 925 (2004) (store manager injured when parking lot guard assists in apprehending shoplifter); *Bay v. Funk*, 19 Kan. App. 2d 440, 442-44, 871 P.2d 268 (1994) (plaintiff security worker injured when defendant coemployee on way to work).

*Chawla* and the two Court of Appeals cases, *Servantez* and *Bay*, recognized that the central question under *Wells* for determining the application and extent of fellow servant immunity was whether the defendant coemployee had acted within the scope and course of his or her employment at the time of the plaintiff's injury. In all three of those cases, the defendant coemployee could successfully invoke the exclusive remedy of workers compensation and fellow servant immunity because the defendant was acting within the scope and course of his employment at the time of the tortious conduct. See *Chawla*, 234 Kan. at 982; *Servantez*, 32 Kan. App. 2d at 311-12; *Bay*, 19 Kan. App. 2d at 442-44. The defendant, under the formula of *Wells*, was not performing "forbidden work," even if there may have been an argument that he was performing work in a "forbidden manner." See *Wells*, 8 Kan. App. 2d at 434. In *Wells* itself, on the other hand, the employee tinkering with his own truck on company time may have been performing "forbidden work," taking him outside the scope and course of his employment and thus outside the protection of fellow servant immunity.

In this case, in essence, Brungardt Scott asserts that alcohol or drug use by Hughes would make any work he was performing at the time of the accident "forbidden" under *Wells*. This assertion is fueled by *Chawla*'s reformulation of *Wells*' central question, permitting civil immunity for a coemployee "only if she or he would have been *entitled to receive* workers' compensation had she or he

been injured in the same accident." (Emphasis added.) *Chawla,* 234 Kan. at 982. According to Brungardt Scott, because K.S.A. 44-501(d)(2) would give Duke Drilling a defense to workers compensation liability for Hughes' injuries, Hughes would not be entitled to receive benefits under *Chawla*'s language and thus would be unable to claim fellow servant immunity.

We are not persuaded by this assertion. The existence of a potential legal defense to workers compensation liability because of a coemployee tortfeasor's drinking or drug use is not necessarily equivalent to a factual finding that the coemployee was performing "forbidden work" outside the scope and course of his or her employment. It may demonstrate only that any work was being performed in a "forbidden manner." See *Wells,* 8 Kan. App. 2d at 434-35. Earlier Kansas cases analyzing the intoxication issue separately from and subsequently to the scope-and-course issue imply exactly this. See *Kindel v. Ferco Rental, Inc.,* 258 Kan. 272, 277-87, 899 P.2d 1058 (1995) (court first disposes of scope-and-course issue, then turns to intoxication issue); *Foos v. Terminix,* 31 Kan. App. 2d 525, 525-31, 67 P.3d 173 (2003), *aff'd* 277 Kan. 687, 691-700, 89 P.3d 546 (2004) (same). The architecture of the legislature's statutory scheme leaves the same impression. Whether certain conduct arises out of the scope and in the course of employment is the threshold question under K.S.A. 44-501(a). Whether an employer can advance a viable defense to workers compensation liability under the Act is among later questions to be addressed once it is established that conduct arises out of and in the course of employment. See K.S.A. 44-501(d).

We therefore conclude that certain aspects of our language in *Chawla* were somewhat misleading. Neither *entitlement to receive* nor *actual receipt* of workers compensation benefits by a coemployee tortfeasor is required for fellow servant immunity to attach and bar a civil suit. What matters is whether that coemployee was acting within the scope and course of employment when he or she caused injury to another.

This case must be reversed and remanded for further proceedings consistent with this standard of analysis. If the district judge concludes that there is no genuine issue of material fact, *i.e.,* that

there is no evidence to controvert defendant Hughes' claim that he was acting within the scope and course of his employment at the time of the accident, then he is entitled to fellow servant immunity and this wrongful death and survival suit is barred.

*Partial Summary Judgment in Favor of Plaintiff*

We must also address the propriety of the district court's additional ruling granting partial summary judgment to Brungardt Scott on the factual issue of Hughes' consumption of alcohol or drugs and its effect on his ability to recover workers compensation benefits.

Whether a person is operating a vehicle while under the influence of alcohol or drugs is a question of fact. See, *e.g.*, *State v. Price*, 233 Kan. 706, 710, 664 P.2d 869 (1983). It cannot be determined by a judge as a matter of law unless the record contains evidence to support only one finding.

The record before the district court and before us contains only allegations, not evidence, to support Hughes' use of alcohol or drugs and its role in the accident in this case. The fact of such use cannot be reliably inferred from the no contest plea entered in Hughes' criminal case. *Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 711-12, 732 P.2d 741 (1987) (no contest plea or finding of guilt in criminal action not admission of the act charged, cannot be used as evidence in subsequent civil case). Nor can it be presumed from the allegations in the pleadings before the district court. See *Poole*, 242 Kan. at 646 (blood alcohol concentration relevant regarding cause of accident, does not give rise to presumption of intoxication); *Evans*, 31 Kan. App. 2d 211, Syl. ¶ 4 (result of employee's blood alcohol test at time of accident not conclusive presumption of impairment, inadmissible where probable cause otherwise absent). Furthermore, Hughes continued to contest the fact of his alcohol or drug impairment outside the context of his own motion for summary judgment. For purposes of that motion *only,* he acquiesced in the presumption of such use and its contribution to causing the accident. This was not an admission for all purposes. Finally, the question of Hughes' alcohol or drug use had not been resolved in his workers compensation

proceeding. The district judge's premature and unsupported ruling ran the risk of inconsistent outcomes between the two proceedings.

Given all of the above, summary judgment on this issue in favor of Brungardt Scott must be reversed.

The district court judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.